Nevins HARDING, Respondent,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

No. 54345.

Supreme Court of Missouri,
En Banc.

Dec. 22, 1969.

Padberg, Raack, McSweeney & Slater, William J. Raack, St. Louis, for respondent.

Murphy & Kortenhof, Edward E. Murphy, Jr., John R. Courtney, St. Louis, for appellant.

MORGAN, Judge.

Plaintiff, insured, sued defendant, insurer, under the uninsured motorist coverage provisions of a policy issued by defendant to plaintiff. Default judgment was taken in the amount of $10,000, which was the limit of coverage provided. Defendant has appealed.

Having sustained defendant's application for transfer from the St. Louis Court of Appeals, we are to review the case "as on original appeal." Rule 84.05(h), V.A.M.R.

Briefly, plaintiff claims that while driving his insured automobile on December

19, 1966, he was involved in a collision with another motor vehicle, operated negligently by a person who was not insured, under circumstances giving rise to a claim under the uninsured motorist coverage of his own policy. Defendant's basic contention, on this appeal, is that plaintiff's petition failed to state a cause of action in that it did not allege the performance or occurrence of conditions precedent, created by the policy, and that this defect was not cured by plaintiff's evidence.

The petition, filed on March 2, 1967, was premised on Insuring Agreement III on page 5 of the policy and which, in part, provided:

"Uninsured Automobile Coverage: Coverage U—Damages for Bodily Injury Caused by Uninsured Automobiles. To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; * * *"

The petition did not contain any other reference to the policy provisions. However, defendant's arguments call for consideration of those policy conditions applicable to the specific insuring agreement involved.

The relevant general policy conditions provided:

(1) "In the event of an accident, occurrence or loss, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable."

(2) "No action shall lie against the company: (a) Unless as a condition precedent thereto there shall have been full compliance with all terms of this policy. * * * (c) Under coverages * * * U * * * until 30 days after the required notice of accident, occur-

rence or loss has been filed with the company."

One further condition, specifically applicable to the uninsured motorist coverage, provided:

"Proof of Claim; Medical Reports. As soon as practicable, the insured or other person making claim shall give to the company written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment and other details entering into determination of the amount payable hereunder. * * * The injured person shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require and he * * * shall upon each request from the company execute authorization to enable the company to obtain medical reports * * *"

Service of process was had on March 8, 1967, under the provisions of Section 375.-210, RSMo 1959, V.A.M.S., by service upon the Superintendent of Insurance. Defendant did not file a responsive pleading. On May 17, 1967, the cause was submitted as a default matter. Evidence was offered reference the accident and plaintiff's injuries, but no evidence was offered which tended in any manner to show plaintiff had complied with any of the conditions set out in the policy.

On July 21, 1967, defendant filed with the trial court its motion to stay execution upon the judgment, and also filed in the St. Louis Court of Appeals a motion for the filing of an "untimely" notice of appeal pursuant to Rule 82.07, V.A.M.R. This rule provides: " * * * The special order may be allowed by the appellate court, upon motion and notice to adverse parties, and upon a showing by affidavit, or otherwise, that there is merit in the appellant's claim for the special order and that the delay was not due to appellant's culpable negligence."

The motion, after admitting service of process upon defendant, alleged:

(1) The petition and summons were lost in transmittal and never reached that person authorized to adjust or defend the claim.

(2) Plaintiff failed to comply with the conditions precedent to liability of defendant under the terms of the policy.

(3) That he failed to furnish medical authorizations requested by defendant as evidenced by a letter of one of plaintiff's attorneys dated March 16, 1967.

(4) The evidence supports an inference plaintiff was guilty of contributory negligence, as shown by a statement of the driver of the other automobile, in that plaintiff negligently made a left turn from the right lane directly into the path of the other automobile.

(5) That plaintiff's testimony at the trial that his automobile was struck in the rear was incorrect in that a photograph of his automobile revealed it was struck in the left side.

Affidavits were attached to the motion seeking to confirm the accuracy of the contentions therein. One is of particular interest. A representative of defendant submitted that he had been negotiating with an attorney of plaintiff; that he personally discussed the claim with this attorney on January 23, 30, and March 8, 1967, reference medical authorizations; that on March 17, 1967, said attorney by letter declined to furnish medical authorizations; and, that a further request was personally denied on May 8, 1967. That at no time did this attorney advise affiant that other attorneys had filed suit.

It is quite obvious the motion to file a late appeal complied with Rule 82.07 in that it shows there was merit in the request for the special order and that the delay was not due to culpable negligence of defendant.

Looking now to the merits of the appeal, we first consider defendant's contention the original petition failed to state a cause of action because performance of the conditions precedent was not alleged. The foundation for this argument has been established for many years. This court in Bayse v. Ambrose, 32 Mo. 484, 485 (1862), said: "In declaring on a contract containing stipulations to be performed by the plaintiff precedent to the performance of the agreement of defendant, the plaintiff must show the performance of such stipulations, or a sufficient excuse for their non-performance." As declared in Streib v. Local Lodge No. 27 of I.B. of Boiler Makers, Etc., Mo.App., 40 S.W.2d 519, 521, "The doctrine seems to be settled in this state that performance of a condition precedent must be alleged or an excuse given for its nonperformance to make the pleading a good one." Mo.Dig., Insurance, ☞634(2), Pleading, ☞59; 71 C.J.S. Pleading § 80, p. 193; 44 Am.Jur.2d, Sec. 1939, p. 877. Specific application of this rule to an action based on a contract of insurance was made in Propst v. Capital Mut. Ass'n, 233 Mo.App. 612, 124 S.W.2d 515, 520, wherein the court said, "The petition does not allege that plaintiff furnished proofs of loss, or any fact showing waiver thereof or estoppel, nor, does it allege, generally, that plaintiff has performed all of the conditions precedent. It is, therefore, defective." Relative to this rule, Section 509.170, RSMo 1959, V.A.M.S., and Rule 55.18, provide that compliance with conditions precedent may be alleged generally.

Since the petition failed to state a cause of action, the remaining question is —may defendant raise this question for the first time on appeal? This question, too, has been answered many times by the appellate courts of this state. Mo.Dig., Appeal and Error, ☞193(9). For instance, as ruled by this court in State ex rel. Fletcher v. Blair et al., 352 Mo. 476, 178

S.W.2d 322, 324, "* * * if a petition wholly fails to state a cause of action, the defect is jurisdictional and the question may be raised for the first time in the appellate court." Further, the fact the trial court erred by entering a default judgment on a petition defective on its face does not estop the defendant from appealing. McCrosky v. Burnham, Mo.App., 282 S.W. 158, 160. In addition, Rules 79.03 and 83.-13(a), V.A.M.R., specifically answer the question in the affirmative.

Plaintiff's further arguments have been considered and, although they can not be sustained, should be noted. First, it is submitted that defendant's failure to plead alleged non-compliance with conditions precedent "specifically and with particularity" as provided in Rule 55.18 corrected plaintiff's failure to "aver generally" that they had been performed. This approach would place the cart before the horse as a reading of the rule makes it evident it places the initial burden on the plaintiff to generally allege compliance. When, and if, that is done, defendant's burden to specifically deny compliance comes into play. Second, plaintiff contends that after entry of the default judgment, defendant can only challenge the question of damages and has admitted liability. Cases in line with Fawkes v. National Refining Company, 341 Mo. 630, 108 S.W.2d 7, are cited. In answer, it is sufficient to say that this rule of law is applicable where the petition did state a cause of action, and it does not conflict with the rule that failure to state a cause of action created a jurisdictional question that may be raised for the first time at the appellate level as defendant has done here. Third, it is argued that no prejudice to defendant has been shown. Although the answer to this argument might be considered obvious, it need not be determined in this case as prejudice is not an issue. The question of prejudice generally has arisen where the original notice of the accident or suit was not given and the insurer sought to avoid liability and contended failure to meet that condition of the policy resulted in a forfeiture of the coverage. See Western Casualty and Surety Co. v. Coleman, 8th Cir., 186 F.2d 40, and cases cited, Mo.Dig., Insurance ⟜539(8). Defendant in the instant case does not claim a forfeiture but only the opportunity to perform its contract of insurance when a claim thereunder is properly and legally made.

The judgment is reversed and remanded.

All concur except STORCKMAN, J., absent.