**STATE ex rel. MFA INSURANCE CO., Relator,**

v.

**The Honorable Stanley J. MURPHY, Judge, Circuit Court, Washington County, Respondent.**

**No. 61513.**

Supreme Court of Missouri, En Banc.

Oct. 20, 1980.

Ray Dickhaner, Richeson, Roberts, Wegmann, Gasaway, Stewart & Schneider, P. C., Hillsboro, for relator.

Kurt D. Breeze, Pannell, Dodson & Robinson, Festus, for respondent.

MORGAN, Judge.

Mary Boyer, plaintiff in the underlying cause, sustained injuries in a two-car collision with an uninsured motorist on February 6, 1978. In November of that year Mrs. Boyer sued her insurer, MFA, to recover for those injuries under the uninsured motorist

provisions of her policy; which, as a condition thereto, provided in part that:

> After notice of claim under Coverage E (Uninsured Motorists Insurance) the Company may require the insured to take such action as may be necessary or appropriate to preserve his right to recover damages from any person or organization alleged to be legally responsible for the bodily injury and in any action against the Company, the Company may require the insured to join such person or organization as a party defendant.

On December 29, 1978, relator made demand upon Mrs. Boyer to join the alleged tortfeasor—uninsured motorist, Cecil Gibson, as a party defendant in the cause below. Her attorney acknowledged the demand in a letter [1] dated January 11, 1979, and stated Mrs. Boyer's position essentially as follows: (1) that she viewed the pertinent policy provision as unenforceable as a matter of public policy, but that she wanted to cooperate "in every reasonable way . . . in order to perfect her claim" and would file the requested pleadings if relator agreed to pay the costs incurred; (2) that she would resist

tying litigation against Mr. Gibson to her claim against MFA.[2]

Relator did not respond to the request for expenses but later in January filed its Motion for Summary Judgment, or in the alternative, to dismiss for failure to join the alleged tortfeasor. After a hearing on March 5, respondent overruled the motion.

On July 5 relator filed its petition in this Court and a preliminary rule in prohibition was ordered to issue.

Although the scope of the "uninsured motorist" statute, § 379.203, RSMo 1978, has been explored several times in this Court, the particular question before us has not. Moreover, the parties have not cited any cases from foreign jurisdictions which directly rule the same.[3]

▄ Nevertheless, the obvious issue as posed is not cognizable in the present posture of this case by reason of a long–standing rule of law recently recognized in *Harding v. State Farm Mutual Automobile Ins. Co.*, 448 S.W.2d 5 (Mo. banc 1969) and applicable to the underlying petition. Therein, at 7, we said:

> She does not authorize MFA to institute an action in her name against Mr. Gibson. Any action asserted directly against Mr. Gibson by MFA is of course MFA's private concern and Mrs. Boyer will adamantly resist tying any such litigation to the claim that she has against the MFA.
>
> "Mrs. Boyer wishes to make it clear that she will cooperate in any other reasonable way with the MFA in connection with this claim."

---

**1.** Text of letter:

"I am writing to you on behalf of my client, Mary Faye Boyer, concerning your letter to her of December 29, 1978, wherein you request her to join Cecil Robert Gibson as a party defendant in the matter of Boyer v. MFA Insurance Company.

"In my opinion the policy provision you cite is unenforceable as a matter of public policy. On the other hand, my client wants to cooperate in every reasonable way with the insurance company in order to perfect her claim.

"Mrs. Boyer is obviously not a lawyer and would have to retain counsel to file proper pleadings to bring Mr. Gibson as a party defendant. Under the circumstances any judgment against Mr. Gibson would have to be collected by execution on his property and because of that we would only choose to represent Mrs. Boyer on that claim on an hourly basis. We would anticipate our expenditure of time in this regard to be approximately $1,000 and would ask that you pay to Mrs. Boyer a retainer in this amount for our services in joining Mr. Gibson as a defendant.

"On the other hand, this action inures only to the benefit of the company and not to Mrs. Boyer directly as MFA is of course the primary defendant. Mrs. Boyer reserves the right to retain counsel of her choice to institute any action by her personally against Mr. Gibson.

**2.** The meaning of this assertion was clarified in respondent's Return in the immediate proceeding, wherein it was stated that if joinder was required Mrs. Boyer intended to move for a separate trial "as relator's claim against Mr. Gibson involves separate issues of law and fact that would prejudice plaintiff's cause and as a matter of law plaintiff should not as a contractual matter be caused to prejudice her cause against this defendant (MFA)."

**3.** Three cases do deal with the enforceability of a "compulsory joinder" clause but under circumstances different from those here: *Lawrence v. Continental Ins. Co.*, 199 So.2d 398 (La.App.1967); *Puckett v. Liberty Mut. Ins. Co.*, 477 S.W.2d 811 (Ky.App.1971); and, *Dildy v. Southeastern Fire Ins. Co.*, 185 S.E.2d 272 (N.C.App.1971).

Looking now to the merits of the appeal, we first consider defendant's contention the original petition failed to state a cause of action because performance of the conditions precedent was not alleged. The foundation for this argument has been established for many years. This court in *Bayse v. Ambrose*, 32 Mo. 484, 485 (1862), said: "In declaring on a contract containing stipulations to be performed by the plaintiff precedent to the performance of the agreement of defendant, the plaintiff must show the performance of such stipulations, or *a sufficient excuse for their non–performance.*" As declared in *Streib v. Local Lodge No. 27 of I. B. of Boiler Makers, Etc.*, Mo.App., 40 S.W.2d 519, 521, "The doctrine seems to be settled in this state that performance of a condition precedent must be alleged or *an excuse given for its nonperformance to make the pleading a good one.*" Mo.Dig., Insurance, Key No. 634(2), Pleading, Key No. 59; 71 C.J.S. pleading § 80, p. 193; 44 Am.Jur.2d, Sec. 1939, p. 877. Specific application of this rule to an action based on a contract of insurance was made in *Propst v. Capital Mut. Ass'n*, 233 Mo.App. 612, 124 S.W.2d 515, 520, wherein the court said, "The petition does not allege that plaintiff furnished proofs of loss, or any fact showing waiver thereof or estoppel, nor, does it allege, generally, that plaintiff has performed all of the conditions precedent. It is, therefore, defective." Relative to this rule, Section 509.-170, RSMo 1959, V.A.M.S., and Rule 55.-18, [now 55.16] provide that compliance with conditions precedent may be alleged generally. (Emphasis added.)

The petition in the original cause is vulnerable for the same reason. Relator has raised the issue at least three times and we quote briefly from three of its pleadings: 1. Answer in underlying case)—"... plaintiff has failed to state a cause of action or plead facts entitling plaintiff to relief ..."; 2. (Petition for Prohibition)–"Plaintiff's refusal to join the uninsured motorist as required by the terms of her insurance policy is a breach of a condition precedent to recovery"; 3. (Reply to Return)—"The requested joinder of the tortfeasor is not conditioned upon any payment by the insurance company but is a condition precedent to recovery."

When a petition wholly fails to state a cause of action, the defect is jurisdictional. It would gain Mary Boyer, plaintiff in the underlying cause, very little to be an apparent indirect beneficiary of a ruling in favor of respondent in this cause only to fail in her own action by failure to state a cause of action. Such a discrepancy should be corrected at this stage of the proceeding.

The writ of prohibition heretofore issued is made absolute; and, respondent is to dismiss the underlying action unless plaintiff therein files an amended petition stating a cause of action within such time as respondent may declare.

HIGGINS, J., concurs.

DONNELLY and WELLIVER, JJ., concur in result.

BARDGETT, C. J., dissents in separate dissenting opinion filed.

RENDLEN and SEILER, JJ., dissent and concur in separate dissenting opinion of BARDGETT, C. J.

BARDGETT, Chief Justice, dissenting.

I respectfully dissent because I believe this Court should decide the question we accepted by the issuance of our preliminary rule in this extraordinary writ case in July 1979.

That question is whether or not a provision in an insurance policy, reference uninsured motorist coverage which is required by § 379.203, which requires the insured to join as a codefendant in the case against his insurance company on the policy the uninsured motorist (alleged tortfeasor) on demand of the insurance company, is contrary to the public policy of Missouri and therefore invalid.

The principal opinion holds the provision in this policy to be a condition precedent to the filing of suit by the policyholder (Boyer)

against the carrier (MFA) and that the failure to alleged compliance or a reason for noncompliance in the petition deprives the circuit court of any and all jurisdiction to make any rulings other than a dismissal order in the case, citing *Harding v. State Farm Mutual Automobile Ins. Co.*, 448 S.W.2d 5 (Mo. banc 1969).

My position is threefold and is as follows: First, the circuit court had jurisdiction of the case and jurisdiction to decide whether or not the provision in question was a condition precedent and, if so, whether the provision was against public policy and therefore invalid and to therefore hold the failure to allege its compliance or noncompliance was not an impediment to the suit;

Second, the provision in the policy (even if otherwise valid) is not a condition precedent to the insured (Boyer) suing the carrier (MFA) and therefore, in any event, the circuit court had jurisdiction of the case; and

Third, *this court* has jurisdiction to decide the issue presented by the issuance of our preliminary rule in this extraordinary writ case and the failure to do so leaves the circuit court and the parties in a wholly untenable situation.

The provision in issue here is: "After notice of claim under Coverage E (Uninsured Motorists Insurance) the Company may require the insured to take such action as may be necessary or appropriate to preserve his right to recover damages from any person or organization alleged to be legally responsible for the bodily injury and in any action against the Company, the Company may require the insured to join such person or organization as a party defendant." This provision is contained in the policy MFA issued to Boyer. The policy contained an uninsured motorist provision as required by law.

I must proceed chronologically now in order to present the issue correctly. In November 1978 Boyer sued MFA under the uninsured motorist coverage. MFA was served. As of that time MFA had made no demand that the tortfeasor–uninsured motorist, Cecil Gibson, be made a defendant. It would seem clear that the circuit court had jurisdiction of the case as it was then pending. MFA had not yet made any demand under the questioned provision and, even under that provision, there is no requirement the tortfeasor be joined *until MFA so demands.* Obviously, the alleged requirement of joinder did not exist as of the time suit was filed and so could not be a condition precedent to *filing suit* against MFA. In short, plaintiff Boyer could not have alleged compliance with a provision which had not become operative at the time suit was filed. That provision, by its own terms, becomes operative *only* when MFA makes the demand. MFA did not make the demand *prior to suit* and therefore there was no condition for Boyer to comply with precedent to filing suit.

In this same vein it is apparent that MFA *could not* make the demand under the policy prior to being sued by its insured. This is so because the questioned provision becomes available to the carrier after the action is brought against the carrier, and not before. In any event, in this case there was no demand made prior to suit and plaintiff could not be expected to comply with a nonexistent demand as a condition to such suit. Therefore, the provision cannot be a condition precedent to filing suit against the carrier.

*Harding v. State Farm Mutual Automobile Ins. Co., supra,* is inapplicable because there those matters which this Court considered to be conditions precedent to filing suit were acts which were required of every insured by the terms of the policy and without separate demand by the company. The provision itself stated, "No action shall lie against the company: (a) Unless as a condition precedent thereto there shall have been full compliance with all terms of this policy. * * * (c) Under coverages * * * U * * * until 30 days after the required notice of accident, occurrence or loss has been filed with the company." 448 S.W.2d at 6.

The acts required by the policy in *Harding* could have been performed prior to

suit and were so required. The act spoken of in the instant case could not have been performed pursuant to a carrier demand until the demand was made and that demand was not made until *after* suit was filed. Consequently joinder of the tortfeasor could not be a condition precedent to suing the carrier. Therefore failure to comply could not have deprived the circuit court of jurisdiction of the case when it was filed.

Additionally, the policy does not specify the provision in question to be a "condition precedent" and where it is not expressly so provided the law will not presume it to be so. *Kansas City So. Ry. Co. v. St. Louis–San Francisco Ry. Co.*, 509 S.W.2d 457 (Mo. 1974); *Miran Inv. Co. v. Medical West Bldg. Corp.*, 414 S.W.2d 297 (Mo.1967); *Servco Equipment Corp. v. Lingle*, 487 S.W.2d 869 (Mo.App.1972). Furthermore, MFA did not treat it as a condition precedent to suit. MFA's answer to Boyer's petition in circuit court shows it was mailed to Boyer's attorney on December 20, 1978, and presumably was filed on or about that date. That answer does not assert any matter as a condition precedent nor does it seek dismissal for failure to sue the tortfeasor.

On or about January 17, 1979, MFA filed a "Motion for Summary Judgment, or Alternatively to Dismiss Petition" alleging that on December 29, 1978 ( a month or more after suit was filed) MFA demanded plaintiff Boyer join Gibson as a codefendant and that Boyer "was unwilling to move to join the tort–feasor in the instant action". MFA prayed for judgment in its favor or dismissal of plaintiff's petition for Boyer's alleged breach of the insurance contract. Boyer's response was to allege the joinder provision of the insurance contract was, *inter alia*, against public policy; that plaintiff did not refuse to join Gibson but merely requested MFA to put up the costs and attorneys' fees that would be involved in that joinder, and also alleged other grounds or reasons why Boyer should not be required to join Gibson or to try the case against both MFA and Gibson together. Boyer then prayed the court to overrule MFA's motion for summary judgment and MFA's alternative motion to dismiss Boyer's petition.

On March 5, 1979, MFA's motions were argued in circuit court and overruled. Discovery proceeded and the last minute entry appearing in the photocopy of the circuit court file is dated June 9, 1979, reflecting certain interrogatories being filed.

Subsequently the petition for a writ of prohibition was filed here and our preliminary rule issued. By this proceeding MFA seeks to prohibit the circuit judge from proceeding with the underlying suit of Boyer v. MFA because Boyer has allegedly refused to join Gibson, the uninsured motorist, in the underlying case. MFA alleges here that the provision is a condition precedent to Mrs. Boyer's *recovery* against MFA but not that the joinder provision was a condition precedent to suing MFA in the first place. This petition for writ of prohibition tacitly acknowledges the joinder of Gibson was not a condition precedent to the suit by Boyer against MFA.

MFA does not assert that the circuit court had no jurisdiction of the underlying case nor that the circuit court did not have jurisdiction to rule upon MFA's motion for summary judgment or, in the alternative, to dismiss Boyer's petition. MFA's position essentially is that the circuit court did have jurisdiction of the parties and subject matter and the right to rule on the motions, but that the circuit court erred in overruling MFA's motions filed in the trial court. This alleged error is pressed now as a "lack of jurisdiction" of the case on the allegation that Boyer breached the policy by not complying with MFA's demand made after suit was filed. I do not believe the trial court lost jurisdiction of the case regardless of whether it erred in its ruling or not.

It therefore seems clear that the petition originally filed in circuit court by Boyer against MFA stated a cause of action and was not defective for failure to allege compliance or excuse noncompliance with the demand for joinder of tortfeasor policy provision because, at this time, there was no demand in existence. Indeed, MFA does not contend here that the petition in the

underlying case did not state a cause of action or that the trial court did not have jurisdiction of the case. It is rather MFA's contention that the alleged refusal of Boyer to join Gibson, *after* demand was made in December 1979, is unjustified and, under the policy, ought to prevent Boyer from obtaining a judgment against MFA. That is quite different from asserting the petition of Boyer v. MFA failed to state a claim when filed.

This court by the issuance of our preliminary rule has jurisdiction to decide the question presented: —whether the provision in the uninsured motorist coverage of the policy permitting the company to demand the insured sue the tortfeasor is valid.

The issuance of our preliminary rule and entertaining the issue in a prohibition proceeding is discretionary with this court. It seems clear that the trial court's decision overruling MFA's motion for summary judgment or to dismiss was within that court's jurisdiction, but it is that decision that MFA considers to be a barrier to proceeding to final judgment in circuit court. What MFA seeks here by its petition for writ of prohibition is an adjudication of the validity of the questioned policy provision. If this court determines it to be valid, then Boyer will have to join the tortfeasor, on demand of MFA, and could then proceed. If the provision is invalid, the cause will proceed in circuit court without joinder and without amendment to the petition. This court issued its preliminary rule to decide that question and, in my opinion, ought to do so.

The principal opinion seems to require Boyer to join the tortfeasor in order to proceed but does not decide whether the provision in the policy which, on demand of MFA, requires joinder is valid or not. We issued our discretionary preliminary writ in this case because the question presented is of statewide importance and its resolution now is needed, if not necessary, to the final adjudication of the underlying case. If not adjudicated now, it leaves the parties and the circuit court in a difficult position. In my opinion we should decide the question presented.

I therefore dissent.