Barbara WELCH, Plaintiff/Appellant,

v.

AUTOMOBILE CLUB INTER–
INSURANCE EXCHANGE,
Defendant/Respondent.

No. 71668.

Missouri Court of Appeals,
Eastern District,
Division Six.

July 29, 1997.

James E. Lownsdale, St. Louis, for plaintiff/appellant.

Carl D. Kraft, St. Louis, for defendant/respondent.

REINHARD, Judge.

Plaintiff appeals the trial court's order granting defendant's motion for summary judgment. We reverse and remand.

On March 23, 1989, plaintiff was injured when she was struck by a postal vehicle driven by William Hawn. The accident occurred at the U.S. Post Office located at 9810 Halls Ferry Road in St. Louis County.

Defendant had issued an automobile insurance policy to plaintiff, and defendant concedes that this policy was effective at the time of the accident. Part C of the insurance policy, the uninsured motorists coverage, provides that "[defendant] will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury: 1. Sustained by a covered person; and 2. Caused by an accident."

On or around October 20, 1989, plaintiff notified defendant of the accident. On August 25, 1995, over six years after the accident, plaintiff filed a petition for damages. Plaintiff alleged, in part, "Said postal vehicle which struck plaintiff Barbara Welch was driven by such an uninsured motorist as covered in defendant's insurance policy"[1] and that "Plaintiff has requested payment on said policy and defendant has refused."

1. On appeal, defendant attached to its brief an affidavit signed by Mr. Hawn, the tortfeasor, indicating that he was insured at the time of the accident. Plaintiff, in her reply brief, argues that "the affidavit does not prove that the postal vehicle which Hawn was driving, at the time of the accident, was not an 'uninsured motor vehicle' under [defendant's] policy." Plaintiff contends that "[defendant's] policy does not require that Hawn be 'an uninsured motorist'; rather, it merely requires that the vehicle which Hawn was operating be 'an uninsured motor vehicle.'" This issue was not presented to the trial court. Our jurisdiction is appellate, and we cannot receive nor consider new evidence. *Spires v. Lawless*, 493 S.W.2d 65, 74 (Mo.App. 1973). Documents that were never presented to nor considered by the trial court cannot be included in the record on appeal. *Marc's Restaurant, Inc. v. CBS, Inc.*, 730 S.W.2d 582, 584 (Mo.App. E.D.1987). Thus, Mr. Hawn's affidavit is not properly before this court.

On October 9, 1995, defendant sent a letter to plaintiff and requested that plaintiff "join Mr. Hawn as a party defendant to this case." Defendant filed a motion for summary judgment on October 11, 1995, alleging, in part:

9. Plaintiff has breached the ... policy requirement by failing to join the alleged uninsured motorist William A. Hawn as a party defendant in this case despite being so requested by Defendant.

\* \* \* \* \* \*

11. Plaintiff is not entitled to uninsured motorists coverage under the above provision since she was injured by a motor vehicle owned by a governmental unit or agency, the U.S. Postal Service, as alleged in the Petition.

\* \* \* \* \* \*

13. Plaintiff has failed to comply with the aforesaid policy requirement because she failed to notify Defendant of this accident until October 20, 1989, about seven months after the accident, all to Defendant's prejudice.

Plaintiff filed a statement in opposition to defendant's motion for summary judgment. In that motion, plaintiff contended:

The language concerning joining Mr. Hawn as a party defendant is unreasonable and unconscionable and beyond the nature of an insurance contract to control the litigation of a party plaintiff against it. There is no legitimate reason to require plaintiff to comply with any request of the insurance company to join a party defendant, especially when the insurance company is free to do so of its own volition.

The trial court denied defendant's motion on February 27, 1996.

On June 6, 1996, plaintiff filed an amended petition, alleging: "Plaintiff has requested payment of the policy limits on said policy and defendant has refused. Said refusal is vexatious." On July 8, 1996, defendant filed a motion for summary judgment on plaintiff's amended petition. This motion alleged, in part:

11. By filing this lawsuit more than five years after the applicable Statute of Limitations as to William Hawn, and by refusing to join Mr. Hawn as a party defendant in this case, Plaintiff has prejudiced Defendant's right of subrogation against Defendant Hawn.

12. Plaintiff has violated the terms and conditions of her policy of insurance with Defendant, all to Defendant's prejudice.

13. Plaintiff is not entitled to uninsured motorists coverage under her policy of insurance with Defendant.

On October 24, 1996, the trial court sustained defendant's motion for summary judgment.

When considering appeals from summary judgments, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The moving party bears the burden of proving that it is entitled to summary judgment as a matter of law and that no genuine issues of material fact exist. *Tresner v. State Farm Ins. Co.*, 913 S.W.2d 7, 9 (Mo. banc 1995).

■ Plaintiff brings four points on appeal. We first address plaintiff's claim that the trial court erred in granting summary judgment because "a genuine issue of material fact exists as to whether the subject postal vehicle constituted a 'government vehicle'...." Plaintiff further alleges that the governmental exclusion is against public policy. The insurance policy states that "'uninsured motor vehicle' does not include any vehicle or equipment: ... Owned by any governmental unit or agency." We agree with plaintiff that this provision is contrary to Missouri's public policy. In *Martin v. State Farm Mut. Auto. Ins. Co.*, 755 S.W.2d 638 (Mo.App. E.D.1988), this court found that the governmental vehicle exclusion was void as against public policy. Consequently, a summary judgment for defendant based upon this exclusion would be erroneous.

■ Plaintiff also contends that the trial court erred in granting summary judgment because "genuine issues of material fact abound concerning the sufficiency, under defendant's insurance policy, of plaintiff's notice to defendant, and ... whether defendant was prejudiced thereby." We agree.

In this case, plaintiff notified defendant of the accident almost seven months after it occurred. According to the insurance policy, defendant "must be notified promptly of how, when and where the accident or loss happened." Defendant cites two cases and argues that plaintiff's notice was insufficient. *See Girard v. State Farm Mut. Auto. Ins. Co.*, 737 S.W.2d 254 (Mo.App. W.D.1987) (policy required insured to report a "phantom vehicle" to police within 24 hours and to insurer within 30 days) and *Bridges v. Secura Ins. Co.*, 849 S.W.2d 234 (Mo.App. S.D. 1993) (policy required that notice be given to police within 24 hours of accident if hit-and-run driver is involved). In both cases, the insured failed to comply with the notice requirements of the insurance policy, and the appellate court found that summary judgment for the insurance company was proper.

In *Tresner, supra*, the Missouri Supreme Court discussed *"Girard* and its progeny" and stated, "Ordinarily, the question as to whether notice or proof was given or made within a reasonable time would be for the jury, but where all reasonable persons would conclude that notice or proof was not given or made within that time, under all of the circumstances, then it becomes a question of law for the court." *Tresner*, 913 S.W.2d at 14 (*quoting Hayes v. Equitable Life Assur. Soc.*, 235 Mo.App. 1261, 150 S.W.2d 1113, 1118 (1941)). Although summary disposition may be proper under certain circumstances, the *Tresner* court stated, "the more general trend of Missouri cases ... hold[s] that no presumption of prejudice [to the insurance company] exists and that the issue of prejudice is a question of fact to be determined by the trier of fact." *Id.* at 15.

We find that genuine issues of material fact exist regarding the sufficiency of plaintiff's notice. Therefore, summary disposition of the issue of whether plaintiff's notice was timely and whether defendant suffered prejudice was not warranted in the case at hand.

In the third point that we address, plaintiff alleges that the trial court erred in granting summary judgment because the "general exclusion to coverage under defendant's policy ... does not apply to this case, or, in any event, genuine issues of material fact exist regarding the application of this exclusion...." Plaintiff argues that "The insurer cannot deny payment, forcing the insured into court, and use this clause as a basis for throwing the insured out of court! ... [I]f we accepted [defendant's] argument, it would be tantamount to shortening the statute of limitations...."

According to defendant's brief: (1) The general provisions apply to the uninsured motorist coverage; (2) Plaintiff did not do whatever was necessary to enable defendant to exercise its subrogation rights; and (3) Plaintiff prejudiced defendant's subrogation rights by failing to join Mr. Hawn and "is in violation of the conditions precedent in her insurance policy."

Part 1 of the insurance policy, the general provisions, provides:

> A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:
>
> 1. Whatever is necessary to enable us to exercise our rights; and
>
> 2. Nothing after loss to prejudice our rights.

Even assuming that the general provisions apply, genuine issues of material fact would exist regarding its application. Thus, summary judgment was not proper. We therefore discuss defendant's contention that it was prejudiced by plaintiff's failure to join the uninsured motorist.

■■ An action for injury to the person, not arising on contract, shall be commenced within five years. Section 516.120, RSMo 1986. An action on a written contract for payment of money, however, shall be commenced within ten years. Section 516.110, RSMo 1986. An action on the uninsured motorist provision of an automobile insurance policy is a contract action. *Edwards v. State Farm Ins. Co.*, 574 S.W.2d 505, 506 (Mo.App. W.D.1978). It is therefore controlled by the ten-year statute of limitations. Plaintiff's suit in this case was timely filed. Defendant's complaint, however, is that because plaintiff did not file suit against Mr. Hawn within five years from the date of the acci-

dent, her tort claim is barred. Consequently, defendant is prevented from exercising its right to subrogation.

Defendant argues that "[b]y failing to join William Hawn as a party defendant, [plaintiff] ... is in violation of the conditions precedent in her insurance policy." Part H of the insurance policy, Duties After An Accident or Loss, provides:

A person seeking Uninsured Motorists Coverage must also:

\*      \*      \*      \*      \*      \*

3. Take such action as may be necessary or appropriate to preserve the right to recover damages from any person or organization alleged to be legally responsible for the bodily injury.

4. Join the person or organization alleged to be legally responsible for the bodily injury as a party defendant in any legal action against us, when requested by us.

Defendant relies principally upon *State ex rel. MFA Ins. Co. v. Murphy,* 606 S.W.2d 661 (Mo.1980), for the proposition that this provision is valid. In *Murphy,* the plaintiff sustained injuries in an automobile accident with an uninsured motorist. *Id.* at 661. The injury occurred on February 6, 1978, and in November of that year, the plaintiff sued her insurer to recover under the uninsured motorist provisions of her policy. *Id.* at 661–62. Her policy provided:

After notice of claim under Coverage E (Uninsured Motorists Insurance) the Company may require the insured to take such action as may be necessary or appropriate to preserve his right to recover damages from any person or organization alleged to be legally responsible for the bodily injury and in any action against the Company, the Company may require the insured to join such person or organization as a party defendant.

*Id.* at 662. On December 29, 1978, approximately ten months after the accident, the insurer demanded that the plaintiff join the uninsured motorist as a party defendant. In a letter dated January 11, 1979, less than one year after the accident, the plaintiff's attorney acknowledged the demand, stating:

(1) that [the plaintiff] viewed the pertinent policy provision as unenforceable as a matter of public policy, but that she wanted to cooperate "in every reasonable way ... in order to perfect her claim" and would file the requested pleadings if [insurer] agreed to pay the costs incurred; (2) that she would resist tying litigation against [the uninsured motorist] to her claim against [insurer].

*Id.*

The insurer then filed a motion for summary judgment, or in the alternative, to dismiss for failure to join the alleged tortfeasor. *Id.* This motion was overruled on March 5, and the insurer filed a petition with the Missouri Supreme Court.

The Supreme Court found that the "obvious issue as posed is not cognizable in the present posture of this case" because of the well-established rule that "performance of a condition precedent must be alleged *or an excuse given for its nonperformance* to make the pleading a good one." *Id.* at 663 (emphasis added) (citing *Harding v. State Farm Mutual Automobile Ins. Co.,* 448 S.W.2d 5 (Mo. banc 1969)). The court found that the plaintiff's petition was defective because performance of the conditions precedent was not alleged. *Id.* at 663. The court noted that the insurer had raised the issue at least three times. *Id.* The court made the writ of prohibition absolute and directed the respondent to dismiss the action "unless plaintiff therein files an amended petition stating a cause of action within such time as respondent may declare." *Id.*[2]

We note that numerous Missouri cases have held that an insured need not assert a tort claim against the uninsured motorist before recovering against his or her uninsured motorist carrier. *See, e.g., Edwards,* 574 S.W.2d at 506 ("it is not necessary for an insured to obtain a judgment against or to

---

**2.** Chief Justice Bardgett wrote a dissenting opinion in *Murphy. Murphy,* 606 S.W.2d at 663. He argued that the majority should have decided whether or not the provision requiring the in-

sured to join the uninsured motorist as a codefendant is contrary to public policy and therefore invalid. *Id.*

sue the uninsured motorist prior to enforcement of rights against his own insurance company"); *Oates v. Safeco Ins. Co. of America,* 583 S.W.2d 713, 716–17 (Mo.1979) ("To recover under an uninsured motorist policy, the insured does not need an unsatisfied judgment against the uninsured motorist"); and *Schreiner v. Omaha Indem. Co.,* 854 S.W.2d 542 (Mo.App. E.D.1993) (insured has no obligation to assert tort claim against uninsured motorist prior to recovering under uninsured motorist policy). In those cases, there was no indication that the insurance policies had a joinder provision similar to the one involved in this case. The Missouri Supreme Court has not held that an insurance contract that requires the joinder of an uninsured tortfeasor as a party defendant is contrary to public policy. Confronted with *Murphy,* we examine the facts and circumstances of this case.

■ Plaintiff filed her petition for damages against defendant on August 25, 1995. This was within the ten-year statute of limitations applicable to written contracts, including contracts for uninsured motorist coverage. Although plaintiff did not allege in her petition that the tortfeasor had been joined as a party defendant nor state a reason for failing to do so, her petition was valid on its face. Plaintiff was not required to allege at that time the joinder of the tortfeasor nor state a reason why such person had not been joined. Defendant had not requested that plaintiff join the uninsured motorist, and according to the insurance policy, the tortfeasor must be joined as a party defendant only *when requested by the insurance company.* By defendant's admission, it did not request that the uninsured motorist be joined until October 9, 1995. Defendant further concedes that the five-year statute of limitations for filing suit against the tortfeasor had already run and that both plaintiff and defendant were precluded from obtaining a judgment against the uninsured motorist. Therefore, the Supreme Court's ruling in *Murphy* does not preclude recovery under the circumstances of this case.

If defendant's argument were to prevail, this would have the effect of shortening the ten-year statute of limitations for bringing an action under an uninsured motorist provision to only five years. Such a result would be contrary to Missouri's public policy. A somewhat similar issue confronted the Oklahoma Supreme Court in *Uptegraft v. Home Ins. Co.,* 662 P.2d 681 (Okl.1983). In that case, the insured was driving his employer's vehicle when he incurred injuries in an accident with an uninsured motorist. *Id.* at 683. The vehicle was protected by uninsured motorist coverage, and the insured also had uninsured motorist coverage for his personal vehicle. *Id.* Oklahoma had a two-year statute of limitations for tort actions, and a five-year statute of limitations for contract actions. Over three years after the accident, the plaintiff brought his action against the two insurance companies. *Id.*

One of the insurance companies argued that under the plain language of the contract, it had no obligation to pay. *Id.* at 685. That policy provided: "This Company shall not be obligated to pay under this insurance if an action against the uninsured motorist is barred by the Statute of Limitations." *Id.* at 686. The company argued that this provision was a condition limiting its insurance liability risk. *Id.* at 685–86.

The highly respected Justice Opala, speaking for the Oklahoma Supreme Court, discussed the insurer's contention that application of the statute of limitations for contracts would cause their subrogation rights to be vulnerable to destruction. *Id.* at 686. Justice Opala stated:

The courts have varied in their approach to the problem of the insurer's subrogation rights. Where there is an absence of some affirmative acts or prejudicial conduct by the insured which may operate to destroy the insurer's subrogation rights, mere failure of the insured to commence an action against the uninsured tortfeasor within the two-year period of limitations will not afford a basis for ... [discharging] the insurer's liability.

*Id.* at 686–87 (citations omitted). The Oklahoma Supreme Court held that "actions to recover a loss under the uninsured motorist coverage are governed by the five-year statute of limitations applicable to written contracts and that a provision in the insurance

policy which limits the time for bringing a suit thereunder to less than the statutory period is void." *Id.* at 683.

■ We agree with Justice Opala's analysis in *Uptegraft.* Under the circumstances of this case, a failure by plaintiff to bring suit against the tortfeasor within five years does not prevent her recovery under her uninsured motorist policy. *See also Scalf v. Globe American Cas. Co.,* 442 N.E.2d 8 (Ind. App.1982) (one-year limitation in uninsured motorist section of insurance policy inhibits the fulfillment of the purpose of uninsured motorist protection that claimant should have same rights as he or she would against insured third party). This holding is consistent with the purpose of Missouri's uninsured motorist statute, which is to "provide the person injured by an uninsured motorist with protection he would have had if the negligent motorist had been insured under a standard liability policy." *Edwards,* 574 S.W.2d at 508.

Thus, in *Murphy,* the request for joinder of the tortfeasor as a party defendant was timely, and the court held that the provision was not against public policy. Here, however, where the request was made after the five-year statute of limitations had run, the application of that provision would be contrary to public policy.

In plaintiff's final point on appeal, she contends that the trial court erred in granting summary judgment because it failed to follow its previous order denying defendant's motion for summary judgment of plaintiff's original petition. Plaintiff claims the two motions for summary judgment were virtually identical. After reviewing the record, we find this point has no merit.

We hold that summary judgment was not proper as a matter of law. The judgment of the trial court is reversed and the cause is remanded to the trial court for further proceedings.

Judgment reversed and remanded.

KAROHL and DOWD, JJ., concur.