Gary Glenn BUCK, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 75218.

Missouri Court of Appeals,
Eastern District
Division One.

June 13, 2000.

Alan G. Kimbrell, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine Chatman, Asst. Atty. Gen., Jefferson City, for respondent.

## OPINION

JAMES R. DOWD, Judge.

On September 25, 1998, after an evidentiary hearing, the motion court denied Gary Glenn Buck's (hereinafter "Buck") Rule 29.15 motion for post-conviction relief. Buck appeals.

### Facts

Two separate trials resulting in four convictions form the factual predicate for this Rule 29.15 motion. The evidence in a light most favorable to the State on these underlying convictions is as follows: On August 11, 1995, Buck broke into the Survivor's Nightclub and stole money from the cash register. On September 13, 1996, he was convicted after a jury trial of one count of burglary and one count of felony stealing. These convictions were affirmed on direct appeal on September 23, 1997. *State v. Buck*, 954 S.W.2d 13 (Mo.App. E.D.1997).[1]

On May 9, 1996, Buck was charged by information with two counts of tampering with a witness in violation of Section 575.270.1 RSMo 1994[2] in connection with the burglary and stealing trial. He was found guilty on both tampering counts and sentenced as a prior and persistent offender on October 18, 1996 to two consecutive terms of eight years' imprisonment. Buck's tampering convictions and sentences were affirmed on direct appeal on November 25, 1997. *State v. Buck*, 956 S.W.2d 417 (Mo.App. E.D.1997).

One of the tampering counts charged Buck with attempting to induce Rodney Burfiend to testify falsely on Buck's behalf in the burglary and stealing trial. The other count charged Buck with attempting to induce Bill Braddy to do the same. At the tampering trial, Burfiend testified that Buck offered him $300 to provide an alibi. Braddy testified that Buck offered him $1000 to provide an alibi and to testify that the owners of the Nightclub had offered Braddy money to testify that Buck had admitted the burglary to Braddy. The State presented no other witnesses or evidence, aside from written statements by Braddy and Burfiend that reiterated portions of their testimony. The only other witness in the tampering trial was Linda Shankel, who testified for the defense that she overheard Braddy apologize to Buck for lying in court.

At various times prior to the tampering trial, Braddy pled guilty to five misdemeanor bad check charges and one misdemeanor stealing charge. Before Buck's tampering trial, the prosecutor gave Buck's defense counsel, Dennis Brewer, a written statement disclosing that Braddy was on probation at the time Buck allegedly tampered with Braddy. Braddy testified during the burglary trial and again during the tampering trial that he was on probation. Additionally, during the tampering trial, Braddy testified on cross-examination that he had prior criminal convictions:

> BREWER: Mr. Braddy, are you, were you on probation or parole at that time?
>
> BRADDY: Yes sir, I was on probation.

---

1. Buck filed a separate Rule 29.15 motion for post-conviction relief in that case. The denial of that motion was affirmed by this Court on February 22, 2000. *Buck v. State*, 25 S.W.3d 500 (Mo.App. E.D. 2000).

2. All further statutory references are to RSMo 1994 unless otherwise noted.

BREWER: And what was the probation for?

BRADDY: For frauding the state funds. I drew unemployment while I was working.

BREWER: All right. And were you convicted of that crime?

BRADDY: Yes sir.

BREWER: And were there – Was there other crimes of which you have been convicted?

BRADDY: In the past, yes, but on this here, I never actually got a conviction. What it was is I called and made restitution with them, so it never went to court, actual court.

BREWER: You pled guilty, though?

BRADDY: I never pled, had to plead.

BREWER: Okay.

BRADDY: I just called and admitted I was wrong in doing this, and I paid it back.

BREWER: But you were on probation to someone?

BRADDY: Yes, sir.

The state concedes that the prosecutor failed to disclose to Buck or his attorney five of Braddy's six prior criminal convictions before the conclusion of the tampering trial.

After an evidentiary hearing, the motion court found that Brewer knew of the existence of Braddy's criminal record, but for strategic reasons declined to cross-examine Braddy concerning his prior convictions. The motion court also found that the evidence against Buck, aside from Braddy's testimony, was overwhelming in amount and quality, and that, therefore, any failure to disclose Braddy's convictions was harmless.

## STANDARD OF REVIEW

■ Appellate review of the denial of a post-conviction motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are "clearly erroneous." Rule 29.15(k); *Moore v. State*, 827 S.W.2d 213, 215 (Mo.banc 1992). Findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with a "firm impression a mistake has been made." *Id.*

## ANALYSIS

■ Buck seeks a new trial on the basis that the prosecuting attorney failed to disclose five of Braddy's six prior convictions to defense counsel. Buck claims the prosecutor violated the standard set forth in *Brady v. Maryland*, where the U.S. Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment." *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, (1963). "Even in the absence of a request, the prosecutor has an affirmative duty to disclose exculpatory evidence." *State v. Bebee*, 577 S.W.2d 658, 661 (Mo.App., 1979); *Lee v. State*, 573 S.W.2d 131, 133 (Mo.App.1978). In *Lee v. State*, the prosecution failed to disclose the victim's misidentification of defendant at a lineup and the fact that the victim was shown a mug shot of the defendant immediately before taking the stand in a preliminary hearing. *Id.* at 131. The Kansas City District of the Missouri Court of Appeals held that because this information tended to impeach a key prosecution witness, it was exculpatory. Therefore, the prosecution violated its duty by not disclosing the information. *Id.* at 133.

■ In this case, Braddy's prior convictions were similarly exculpatory. Braddy was the only prosecution witness, and the State presented no other evidence on that

tampering charge. Burfiend's testimony related to a separate count of tampering allegedly occurring at a different time and place. In this case, as in *Lee*, the prosecution failed to disclose evidence tending to impeach a key witness in violation of its duty under *Brady*.

A prosecutor's failure to disclose exculpatory evidence alone is insufficient to grant a new trial. *Bebee*, 577 S.W.2d at 661. Rather, the nondisclosure must result in fundamental unfairness in violation of defendant's constitutional right to due process. *Id.* Nondisclosure that relates to a material matter and results in prejudice to the defendant's rights constitutes fundamental unfairness entitling a defendant to postconviction relief. *Lee*, 573 S.W.2d at 133. Evidence is material when there is a *"reasonable probability* that, had the evidence been disclosed to the defense, the result of the proceeding *might* have been different." *Hayes v. State*, 711 S.W.2d 876, 879 (Mo.banc 1986) (*citing United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 3385, 87 L.Ed.2d 481 (1985)). A finding of prejudice depends upon "the nature of the charge, the evidence presented by the State, and the role that nonproduced evidence would likely have played." *Bebee*, 577 S.W.2d at 662.

As discussed above, Braddy provided the only testimony or evidence used by the State in the count against Buck for tampering with Braddy. While the testimony of Burfiend was admissible on the Braddy count to show a common scheme or plan, Burfiend offered no testimony that Buck attempted to induce Braddy to testify falsely. In fact, the State conceded at oral argument that Braddy's testimony represented the State's entire case on that count. If the prosecution had disclosed Braddy's prior convictions, Buck's defense counsel could have used them to impeach Braddy's testimony. If the jury had dis-

believed this testimony because of the prior convictions, there would remain no other evidence that Buck had tampered with Braddy. According to the materiality standard, if Braddy's prior convictions had been available to Buck to impeach Braddy's testimony, there is a reasonable probability that the jury might not have believed Braddy's testimony. Therefore, Buck might have been found not guilty of the tampering charge.

The prosecution's nondisclosure did not, however, result in prejudice to Buck as to the count concerning Buck's tampering with Burfiend. Braddy's testimony has little or no relevance to that count. Braddy offers no testimony that Buck tampered with Burfiend. Even if Buck's defense counsel had been able to impeach Braddy, the jury would still be able to consider the entirety of Burfiend's testimony in deciding whether to convict Buck on that count. Braddy's prior convictions have no logical bearing on Burfiend's believability as a witness. Just as the entire count involving Braddy rests on the testimony of Braddy, so does the entire count involving Burfiend rest on the testimony of Burfiend. Buck cites no authority to support the proposition that the nondisclosure of evidence tending to discredit a witness of one count could materially affect the conviction or sentence of a count involving a separate, though similar, incident. While we acknowledge the existence of the Braddy count served to bolster the Burfiend count, Braddy's testimony as it relates to the Burfiend count is not that of a key prosecution witness. In order to reverse the motion court's order on the Burfiend count, we must conclude that a reasonable probability exists that the result of that count might have been different had Braddy's prior convictions been disclosed. In view of the strong direct evidence of

guilt exclusive of Braddy's testimony, we decline to draw such a conclusion.

The motion court found that Mr. Brewer, Buck's defense counsel, knew of some of Braddy's prior convictions and had the opportunity to further question Braddy about his criminal record during cross-examination. It found that Brewer represented Braddy at the time he incurred one conviction, and that "the existence of some criminal record was divulged in the State's disclosure in that Braddy stated in his written statement that he was on probation." Further, the motion court found, Brewer had the opportunity to bring out the rest of Braddy's prior convictions during cross-examination. Brewer's decision not to do so, it found, was a matter of trial strategy.

 It is true that the State cannot be faulted for nondisclosure if the defendant had knowledge of the evidence at the time of trial. *State v. Calvert,* 879 S.W.2d 546, 548 (Mo.App. W.D.1994). The motion court's finding, however, that Brewer knew of Braddy's prior convictions is not supported by the record. Brewer testified at the Rule 29.15 hearing that he had absolutely no recollection of ever representing Braddy. The motion court was correct in finding that Brewer's decision not to question Braddy about his prior convictions was trial strategy; however, it was a strategy based on insufficient and inaccurate information. Brewer testified that he thought there may have been a prior felony charge against Braddy. He decided not to pursue this because if he had done so and been incorrect, he thought the trial court "would have come down on [him] for implying something to the jury that wasn't correct." Conversely, had Brewer known that Braddy had *six* prior convictions, all for crimes of dishonesty, his strategy likely would have been to use these convictions to impeach Braddy.

 The State argues that Buck's claim is not cognizable in a Rule 29.15 motion for post-conviction relief. It claims, correctly, that Buck did not raise the prosecution's failure to disclose the evidence at trial, in his motion for new trial, or on direct appeal, and that to do so for the first time in his *pro se* Rule 29.15 motion is too late. Buck, however, cannot be faulted for failing to raise the nondisclosure of evidence that he did not know about. The State cannot avoid the affirmative duty to disclose exculpatory evidence because a defendant never requested that evidence. Prosecutors must disclose, even without a request, exculpatory evidence, including evidence that may be used to impeach a key government witness. *Lee,* 573 S.W.2d at 133.

Finally, there is some confusion in the record as to precisely when Buck actually learned of Braddy's convictions. Despite a direction by this Court during oral argument, neither party has supplemented the record with this information. Buck claims that the State eventually disclosed Braddy's prior convictions after this Court affirmed Buck's tampering convictions on appeal. The State does not dispute this, other than to say that it has no knowledge of when or if this disclosure took place. It is clear from the record, including Brewer's testimony, that Buck and his attorney were not aware of Braddy's prior convictions during the tampering trial.

 Nevertheless, the State argues that Buck should have raised this nondisclosure on direct appeal, and that this claim is not cognizable in a Rule 29.15 motion for post-conviction relief. Assuming Buck knew about the prior convictions, he could not have raised the nondisclosure on direct appeal. Once the trial concluded, Buck lacked any means to prove Braddy's prior convictions. Appellate courts consid-

er only the record made in the trial courts. *Olson v. Christian County,* 952 S.W.2d 736, 738 (Mo.App. S.D.1997). Our jurisdiction is appellate, and we cannot receive nor consider new evidence. *Welch v. Automobile Club Inter–Insurance Exchange,* 948 S.W.2d 718, 719 n. 1 (Mo.App. E.D.1997). Documents that were never presented to nor considered by the trial court cannot be included in the record on appeal. *Id.* Buck's Rule 29.15 motion represents his only opportunity to correct the prosecution's nondisclosure.

Rule 29.15 allows a person convicted of a felony to claim after trial that the conviction or sentence imposed violates the constitution and laws of Missouri or the constitution of the United States. The prosecution's nondisclosure, for the reasons discussed above, violated Buck's constitutional right to due process under *Brady, Lee* and *Bebee.*

The State argues that Buck's claim is one of trial error, and is therefore not cognizable in a Rule 29.15 motion except where fundamental fairness requires, and then only in rare and exceptional circumstances. *State v. Carter,* 955 S.W.2d 548, 555 (Mo.banc 1997). For the reasons stated above, fundamental fairness requires a review of the prosecution's nondisclosure of Braddy's prior convictions. Buck's inability to raise this nondisclosure at any point prior to the Rule 29.15 motion is a rare and exceptional circumstance necessary for Rule 29.15 review of trial error. *Id.* Therefore, we hold that this matter is cognizable in a Rule 29.15 motion.

## CONCLUSION

Buck's constitutional right to due process required that the prosecution disclose Braddy's prior convictions because Braddy's testimony was the only evidence that Buck committed the crime in question. Burfiend's testimony only served to establish proof that Buck tampered with Bur-

fiend. In this situation credibility is of dominant importance. Buck was entitled to Braddy's prior convictions because they tend to discredit Braddy's testimony, which in turn enhances Buck's opportunity to create reasonable doubt. Accordingly, "the nature of the charge, the evidence presented by the State, and the role that the nonproduced evidence would likely have played," suggest Buck suffered prejudice as a result of the nondisclosure. As viewed by this court, Buck's tampering trial as to the count involving Braddy was fundamentally unfair.

The portion of the motion court's order denying post-conviction relief as to the count involving Braddy is reversed, and the portion of the order denying post-conviction relief as to the count involving Burfiend is affirmed. This case is remanded to the motion court with instructions to vacate the portion of the judgment and sentence concerning the alleged tampering with Braddy, and to order a new trial on that count only.

GARY M. GAERTNER, P.J., concurs.

PAUL J. SIMON, J., concurs.