STATE of Missouri, Respondent,

v.

James MAYNARD, Appellant.

No. KCD 29240.

Missouri Court of Appeals, Kansas City District.

May 1, 1978.

Motion for Rehearing and/or Transfer Denied June 12, 1978.

William G. Mays, II, Public Defender, 13th Judicial Circuit, Columbia, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

Defendant was charged with robbery in the first degree by means of a dangerous and deadly weapon while acting in concert with another. Sec. 560.120, RSMo 1969, and Sec. 560.135, RSMo Supp. 1975. A Boone County jury before whom defendant stood trial agreed upon a verdict of guilty but failed to agree upon the punishment to be inflicted. Accordingly (Sec. 546.440, RSMo 1969), the trial court assessed and declared defendant's punishment at eighteen years imprisonment in the Missouri Department of Corrections. The foregoing prompted defendant to appeal.

The thrust of defendant's sole point on appeal is that the trial court erred in refusing to set the judgment and sentence aside because the length of the sentence handed down by the trial court exceeded a fifteen year recommendation made by the prosecuting attorney to the jury during closing argument and followed on the heels of a post-trial recommendation of twenty-five years made by an assistant prosecuting attorney.

A concise overview of the evidence will presently suffice as its sufficiency has not been challenged. The jury was amply justified in finding beyond a reasonable doubt that at approximately 2:30 A.M. on March 6, 1975, the Columbia Best Western Inn, Columbia, Missouri, was robbed of a substantial amount of cash by a shotgun wielding bandit wearing a partial face mask. The masked bandit made his escape in a getaway car driven by defendant which was waiting outside the motel office with its motor running. A member of the Columbia, Missouri, Police Department who was on a "stakeout" nearby gave chase and the

getaway car careened off the road and ended up in a ditch. The two occupants then abandoned the getaway car and fled on foot. Both were subsequently apprehended and separately stood trial.

During the course of his closing argument the prosecuting attorney recommended imposition of a fifteen year sentence. Although the jury returned a verdict of guilty, it was unable to agree upon defendant's punishment notwithstanding the prosecutor's plea that it be fixed at fifteen years imprisonment. As dictated by the circumstances, and in accordance with the statutory command of Sec. 546.440, supra, a duty befell the trial judge to assess defendant's punishment and the eighteen year sentence presently complained of by defendant was the result. Before the eighteen year sentence was meted out an assistant prosecuting attorney urged the trial judge to impose a sentence of twenty-five years.

The rationale of defendant's sole point on appeal has been difficult to grasp. Defendant seems to say that the trial judge was duty bound to fix his sentence at a term of years which did not exceed the maximum punishment recommended by the prosecuting attorney during his closing argument to the jury. Beyond question, a duty devolved upon the trial judge to fix defendant's sentence in view of the jury's inability to agree thereon. However, defendant attempts to impose a false limitation upon this duty. Performance of this duty by a trial judge involves a solemn exercise of discretion on his part, the outer limits of which are set by applicable statutory perimeters while the inner limits are set only by the sound judgment and good conscience of the judge himself. In short, a trial judge is vested with broad discretion within statutorily prescribed limits when called upon to fix punishment in criminal cases.

Defendant erroneously assumes that the jury's inability to agree upon his punishment conclusively demonstrated that part or all of the jurors felt that the prose-

cutor's recommendation of a fifteen year sentence was excessive. This assumption, at best, is founded on the quicksands of imagination. The trial judge was under no compulsion to accept either the fifteen year sentence recommended by the prosecuting attorney in his closing argument to the jury or the post-trial twenty-five year sentence recommended by the assistant prosecuting attorney. Neither of these recommendations was finding upon the trial judge, as they were just that, recommendations in the strictest sense of the word, and nothing more. The trial judge obviously rejected both recommendations and in a sound exercise of discretion fixed defendant's punishment at eighteen years confinement in the Missouri Department of Corrections. Defendant has failed to point out a single tangible fact or advance a single cogent reason which would support or indicate a belief that the twenty-five year sentence recommended by the assistant prosecuting attorney accounted for the eighteen year sentence levied by the trial court, thereby bespeaking of prejudice to defendant or an abuse of discretion on the part of the trial judge.

Defendant reaches clear out of sight and comes up with *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), as authority for his single point. There are no parallels between the case at bar and *Pearce* or *Santobello*. *Pearce* stands for the proposition that if a defendant in a criminal case overturns his conviction on appeal and is awarded a new trial, he may not receive a heavier sentence on remand unless the sentencing body delineates reasons, based upon defendant's conduct occurring after the time of the original sentencing, for imposing a heavier sentence. The elimination of any chilling effect attached to the right of appeal in criminal cases is the quintessence of *Pearce*. *Santobello* stands for the proposition that when a prosecutor induces a defendant in a criminal case to plead guilty by promising to recommend a certain sentence he cannot renege on his promise. As neither resentencing after a successful ap-

peal nor a plea of guilty by defendant in reliance upon a recommended sentence are involved in the instant case, *Pearce* and *Santobello* are inapplicable.

Judgment affirmed.

All concur.