**4**

Patrick Michael NEISTAT, Appellant,

v.

STATE of Missouri, Respondent.

No. 52901.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 2, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 6, 1988.

Application to Transfer Denied
May 17, 1988.

Michael D. Burton, St. Louis, for appellant.

William L. Webster, Atty. Gen., L. Timothy Wilson, John M. Morris, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was tried and convicted at the same trial for robberies which occurred on June 23 and June 28, 1980. Movant was represented by two lawyers he chose prior to trial. The representation continued throughout the trial.

 Movant's lawyers took several depositions. He first asserts ineffective assistance of counsel because his lawyers did not use the depositions to effectively impeach witnesses with their prior inconsistent statements. Movant has failed to provide the depositions in the record on appeal. "A movant seeking to vacate his conviction must present this court with a record of the proceedings that includes all matters pertinent to the issue he raises." *Chamberlain v. State,* 721 S.W.2d 139, 140[2] (Mo.App.1986). In any event, the decision of whether to use prior inconsistent statements for impeachment purposes is a matter of trial strategy. *Berry v. State,* 714 S.W.2d 676, 678[2] (Mo.App. 1986); *Hurd v. State,* 637 S.W.2d 809, 811[3] (Mo.App.1982).

 Finally, movant asserts ineffective assistance of counsel because his lawyers chose to consolidate the two robberies for trial. His lawyers testified on deposition that the decision to consolidate was a decision involving both lawyers, movant and movant's family. They decided to consolidate in order to highlight the differences in *modus operandi* of the two robberies

and, by working one charge against the other, convince the jury movant did not commit both robberies. The attorneys also listed other reasons for this decision. The consolidation was a matter of trial strategy and is not grounds for reversal. *See Cherry v. State,* 660 S.W.2d 361, 363[4] (Mo. App.1983); *Willen v. State,* 648 S.W.2d 134, 137[7] (Mo.App.1983).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.