**Harold THURSTON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56787.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 29, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 1990.

Application to Transfer Denied
July 31, 1990.

Ronald E. Pedigo, Farmington, Phillip K. Gebhardt, St. Louis, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Movant appeals from the denial after an evidentiary hearing of his Rule 29.15 post-conviction relief motion. Movant was convicted by a jury of attempted robbery in the first degree, armed criminal action, and assault in the second degree. He was sentenced as a prior offender to fifteen years, life, and five years to run consecutively on the respective counts. We affirmed mov-

ant's conviction on direct appeal in *State v. Thurston*, 735 S.W.2d 108 (Mo.App.1987).

■ The standard of review for a Rule 29.15 motion is limited to determining whether the motion court's findings, conclusions, and judgment are clearly erroneous. *Avery v. State*, 770 S.W.2d 440, 441 (Mo.App.1989). The findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake had been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. Banc 1987).

■ Movant contends the motion court erred in failing to vacate his sentence to life imprisonment on the Armed Criminal Action count. As we understand his somewhat convoluted argument it is based upon the contention that because the Armed Criminal Action Statute, § 571.015 RSMo. 1986, prescribes a minimum sentence but not a maximum, the offense must be considered as a Class D felony with a maximum penalty of ten years because of § 557.021.2 RSMo.1986, which provides:

> "Any offense defined outside this code which is declared to be a felony without specification of the penalty therefor is a class D felony."

■ This statute has no application to the Armed Criminal Action Statute which does prescribe a penalty. The absence of a stated maximum penalty merely indicates a legislative intent that a defendant convicted of that offense may be sentenced to any term of years above the minimum, including life imprisonment. *See State v. Kirksey*, 647 S.W.2d 799, 801 (Mo. banc 1983); *State v. Thomson*, 705 S.W.2d 38, 42 (Mo. App.1985); *State v. Freeman*, 702 S.W.2d 869, 874 (Mo.App.1985). Point denied.

■ Movant next alleges ineffective assistance for trial counsel's failure to challenge movant's arrest warrant at a hearing on a motion to suppress. Prior to trial, movant's trial counsel filed a motion to suppress movant's confession recorded af-

ter his arrest. This motion was heard, but denied. Movant claims that trial counsel was ineffective for failing to present evidence and argue at the hearing that movant's arrest warrant lacked probable cause. Movant claims prejudice in that a confession resulting from an arrest warrant lacking probable cause is inadmissible as the fruit of an illegal arrest.

■ The motion court found that even if trial counsel had vigorously pursued movant's theory, the record reflected that the police had sufficient information prior to the issuance of the arrest warrant for a finding of probable cause; therefore, movant was not prejudiced. Since counsel cannot be held to be ineffective for failing to make an argument of doubtful validity, *Daniels v. State*, 751 S.W.2d 399, 402 (Mo. App.1988), the motion court denied movant's point. Upon review, a movant seeking to vacate his conviction must present this court with a record of the proceedings that includes all matters pertinent to the issue he raises. *Neistat v. State*, 749 S.W.2d 4 (Mo.App.1988). Movant here has failed to fulfill the burden of providing this court with a copy of his arrest warrant or of the transcript of the hearing on the Motion to Suppress. Nothing in the record presented to us supports movant's contention or refutes the finding of the motion court. Movant's point, therefore, is denied.

■ Finally movant contends his convictions and sentences should be vacated, set aside or corrected because he was penalized for exercising his right to a trial by jury in violation of the United States Constitution and the Constitution of Missouri. This contention is predicated upon remarks allegedly made by the trial judge [1] to movant's mother and brother after he was sentenced. At the evidentiary hearing movant's mother and brother testified regarding separate conversations each had with the trial judge. They both testified that the trial judge had explained the reasons for the severity of the sentences he imposed were based upon the hiring of "a

---

1. The judge who presided at movant's trial and who imposed the sentences is not the judge who ruled upon his Rule 29.15 motion.

big-shot St. Louis lawyer" and movant's rejection of an offered plea bargain.

The deposition testimony of the trial judge was made a part of the record at the evidentiary hearing. He admitted the two conversations in which he had attempted to explain to movant's mother and brother his reasons for imposing the maximum sentence on each count to be served consecutively. He denied saying anything about "big-shot St. Louis lawyers." The judge testified he told movant's mother "any prior or persistent type offender that came before me and, you know, was convicted in a jury trial, that it was usual for me and customary for me to give a maximum type sentence and run them all consecutive...." With regard to plea bargaining, the judge testified he was aware of the rejection by movant and his trial attorney of a "deal" offered by the prosecutor and that, in hindsight after what he considered to be overwhelming evidence of guilt, "I just basically told her [movant's mother] I just couldn't understand why they hadn't tried to do some plea bargaining and count bargaining and reduce his exposure". The judge further testified "I couldn't understand, you know, that failure to try to do some plea bargaining and to limit his exposure to some consecutive, maximum type sentences, which I figured everybody knew by that stage of my career that, you know, you go to trial as a persistent or prior offender and get convicted, I'm more than likely going to give you a max-type sentence and I'm going to run them consecutive. That's been consistent with me for twelve years now."

In its findings the motion court attributed equal credibility to the testimony of movant's mother and brother regarding the "big-shot St. Louis lawyer" and to the trial judge's denial of such a statement. Therefore, the motion court concluded movant had failed to sustain his burden of proving this issue by a preponderance of the evidence. Further, the motion court found the trial judge's comments about the failure to plea bargain did not indicate bias against the defendant. Rather, the motion court, after independent review of the record of the trial judge, found "admirable

consistency" in a sentencing pattern applicable to all defendants convicted at a jury trial.

The trial judge's testimony, buttressed by the motion court's independent review of his record, makes inescapable the conclusion that a consistent practice over twelve years of imposing the maximum possible sentence upon all prior offenders who exercise the right to demand a jury trial demonstrates an impermissible infringement upon rights guaranteed by the Fifth and Sixth Amendments to the United States Constitution. A practice which discourages the Fifth Amendment right not to plead guilty, which deters the Sixth Amendment right to demand a jury trial and which chills the assertion of these constitutional rights by penalizing those who choose to exercise them is patently unconstitutional. *United States v. Jackson*, 390 U.S. 570, 581, 88 S.Ct. 1209, 1216, 20 L.Ed.2d 138, 147 (1968).

With reference to movant, the only reasons articulated by the trial judge for imposing the maximum sentence on each count and for ordering each sentence to be served consecutively was that movant refused to plea bargain and insisted upon his right to a trial by jury. Enhancement of punishment based solely upon a defendant's refusal to plead guilty and to exercise his right to have his guilt proven beyond a reasonable doubt has been universally condemned.

As stated in *United States v. Medina–Cervantes*, 690 F.2d 715, 716 (9th Cir.1982):

> It is well settled that an accused may not be subjected to more severe punishment simply because he exercised his right to stand trial.... [Citations omitted]. The "courts must not use the sentencing power as a carrot and stick to clear congested calendars, and they must not create an appearance of such a practice." ... Although we do not doubt the good faith of the district judge, we find that the above quoted statements clearly give rise to the inference that Medina–Cervantes was punished more severely because of his assertion of the right to trial by jury....

*See also United States v. Hutchings,* 757 F.2d 11, 14 (2d Cir.1985) ("The 'augmentation of sentence' based on a defendant's decision to 'stand on [his] right to put the Government to its proof rather than plead guilty' is clearly improper.... [Citation omitted.]"); *United States v. Sales,* 725 F.2d 458, 460 (8th Cir.1984) ("The defendant has a constitutional right to defend himself at his own trial. While no one should abuse this right, or the corresponding rights of others, by causing needless delay or otherwise hindering the judicial process, our first concern is to safeguard a defendant's right to a full and fair trial. A court may not use the sentencing process to punish a defendant, notwithstanding his guilt, for exercising his right to receive a full and fair trial."); *Hess v. United States,* 496 F.2d 936, 938 (8th Cir.1974) ("[W]hether a defendant exercises his constitutional right to trial by jury to determine his guilt or innocence must have no bearing on the sentence imposed. *United States v. Marzette,* 485 F.2d 207 (8th Cir.1973)"); *Commonwealth v. Souza,* 390 Mass. 813, 461 N.E.2d 166, 171 (1984) ("[I]t is unconstitutional for a judge to enhance a defendant's punishment based on his or her exercise of the right to plead not guilty, or appeal a conviction."); *People v. Weber,* 162 Cal. App.3d Supp. 1, 208 Cal.Rptr. 719 (1984) ("A court cannot impose a harsher sentence merely because the defendant pleads not guilty and exercises his right to a jury trial."); *Hubler v. State,* 458 So.2d 350, 353 (Fla.App.1984) ("[A] trial court may not impose a greater sentence because the defendant has availed himself of his constitutional right to a trial by jury...."); *Fraley v. State,* 426 So.2d 983, 985 (Fla.App.1983), *appeal after remand,* 467 So.2d 447 (Fla. App.1985), ("The law is clear that any judicially imposed penalty which needlessly discourages assertion of the fifth amendment right not to plead guilty and deters the exercise of the sixth amendment right to demand a jury trial is patently unconstitutional."); *People v. Byrd,* 94 Ill.Dec. 398, 487 N.E.2d 1275, 1280, 139 Ill.App.3d 859 (1986) ("A more severe sentence may not be imposed ... because .. [a defendant] has exercised his constitutional right to trial...."); *Commonwealth v. Banker,* 21 Mass.App. 976, 489 N.E.2d 1029, 1032 (1986) ("A judge may not punish a defendant for the exercise of his constitutional right to have his guilt decided after trial.").

In rejecting an argument similar to that made by movant, this court in *State v. Davis,* 582 S.W.2d 342 (Mo.App.1979) took specific note that the trial judge, when imposing a more severe punishment than that offered to defendant in a plea bargain, expressed his consideration of the nature of the crimes as shown by the evidence and of defendant's background. *Id.* at 343. No consideration of such factors by the trial judge in this case is even suggested. On the contrary, the trial judge's testimony clearly establishes that movant's fate, if found guilty by the jury, was fixed at the maximum allowable punishment from the very moment movant refused to plead guilty.

Not only does the consistent practice of imposing maximum sentences on defendants who exercise their rights to trial by jury violate constitutional guarantees, it also demonstrates an unvarying pre-determination of issues which require the exercise of judicial discretion on a case-by-case basis. The legislature has prescribed broad ranges of punishment for various criminal offenses and has directed that, within these ranges, "the court shall decide the extent or duration of sentence or other disposition to be imposed under all the circumstances, having regard to the nature and circumstances of the offense and the history and character of the defendant." § 557.036 RSMo.1986. This statute imposes an affirmative duty upon a trial judge to undertake a case-by-case, defendant-by-defendant evaluation and to fashion an appropriate disposition. It is the responsibility of the trial judge to impose a punishment which not only fits the crime, but which also fits the criminal. This responsibility is not fulfilled by automatically sentencing every prior offender convicted at a jury trial to the maximum allowable sentence without any consideration of the varying circumstances of the crimes committed or

the background and character of the different defendants.

Movant argues this consistent sentencing pattern demonstrates prejudice on the part of the trial judge against him and all defendants who refuse to plead guilty. He argues that this prejudice taints the entire process by which he was convicted and sentenced. We refuse to leap to such a broad conclusion. Movant does not point to any incident or ruling which would suggest the presence of such prejudice nor has he filed with us a transcript of his trial. Therefore, he has failed to meet his burden of showing his conviction was tainted by any prejudice, irregularity, or unfairness.

Accordingly, the judgment of the motion court upholding the convictions of movant is affirmed. The judgment denying the motion to vacate and set aside the sentences imposed is reversed and the cause is remanded solely for the purpose of resentencing after consideration of the nature and circumstances of the offense and the history and character of the movant as required by § 557.036 RSMo.1986.

HAMILTON, P.J., and STEPHAN, JJ., concur.