**STATE of Missouri, Plaintiff–Respondent,**

v.

**Eddie VAUGHN, Defendant–Appellant.**

**No. 20312.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 28, 1997.

Rose M. Wibbenmeyer, Asst. Public Defender, Columbia, for defendant–appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Daryle A. Edwards, Asst. Attorney General, Jefferson City, for plaintiff–respondent.

GARRISON, Judge.

Eddie Vaughn (Defendant) was convicted of the Class D felony of driving while intoxicated in violation of § 577.010, RSMo 1994, and was sentenced, as a persistent offender, to ten years' imprisonment. On this appeal, Defendant does not question the sufficiency of the evidence, but challenges the sentence

imposed by the trial court. He requests that the sentence be set aside and the case remanded for resentencing.

Defendant's sole point on appeal is as follows:

> The trial court erred and abused its discretion in imposing the maximum sentence on [Defendant] because it thereby denied [Defendant] of his rights to not plead guilty, to a jury trial, and to due process of law as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution in that the State's request that [Defendant] be punished for exercising his constitutional right to a jury trial may have influenced the court in sentencing.

The essence of Defendant's contention is that the trial court imposed the maximum sentence as punishment for Defendant's decision to exercise his constitutional right to a jury trial. In support, he relied on the fact that he was given the maximum sentence, and that the prosecutor made the following comments at the sentencing hearing:

> Mr. Vaughn is a menace to Laclede County. I think he ought to be sent away for a long time. I would like to see the Court impose the maximum sentence of ten years and send a message, at least to the people—those people attending bars in Laclede County and continuing to drink and drive, that this Court is not going to put up with it. If you're going to put people at risk, be prepared to pay the price.
>
> *Mr. Vaughn has exercised his right to trial. As he's entitled to do, but he's also entitled—or should be made to suffer the consequences if he goes to trial.* He was found guilty, and I think it's clearly within this Court's discretion and power to sentence him for a long period of time. And that is what the State would request this Court to do, Your Honor. Thank you.

(Emphasis added).

■ Rule 29.15(a) provides, in pertinent part:

> A person convicted of a felony after trial claiming that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States ... may seek relief in the sentencing court pursuant to the provisions of this Rule 29.15. This Rule 29.15 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated.

This Rule provides the exclusive procedure by which a person claiming that a sentence imposed violates his constitutional rights may seek relief in the sentencing court. *Smith v. State,* 798 S.W.2d 152, 153 (Mo.banc 1990); *State v. Wheat,* 775 S.W.2d 155, 157 (Mo.banc 1989); *State v. Dooley,* 851 S.W.2d 683, 685–86 (Mo.App. E.D.1993).

The record in this case reflects that Defendant did file a timely Rule 29.15 motion in the circuit court. In that motion, he asserted, *inter alia,* that the prosecutor's argument at the sentencing hearing invited the trial court to punish him "for the exercise of his Fifth Amendment right to not plead guilty and his Sixth Amendment right to demand a jury trial." Defendant filed a notice of appeal after his Rule 29.15 motion was denied without an evidentiary hearing by the motion court. That appeal, however, was dismissed as untimely.

In *State v. Chambers,* 898 S.W.2d 119, 124 (Mo.App. S.D.1995), the defendant failed to file a 29.15 motion and attempted to argue on direct appeal that the sentence imposed on him was in excess of the maximum sentence provided by law. This court held that "[b]y not filing a Rule 29.15 motion, defendant waived his right to make the complaint set forth" on direct appeal. *Id.*

■ Unlike the defendant in *Chambers,* Defendant here did file a 29.15 motion. However, his appeal from the denial of that motion was dismissed as untimely. Nevertheless, like in *Chambers,* Defendant presents a challenge to his sentence on direct appeal, based on grounds cognizable under Rule 29.15. Consistent with *Chambers,* we hold that Defendant waived his right to complain of matters cognizable under Rule 29.15 by failing to timely pursue his appeal from the denial of that motion.

■ Even if Defendant's claims were not solely cognizable under Rule 29.15 procedures, he would not be entitled to relief on the basis asserted in this point. According to Defendant, "[t]he fact that [Defendant] exercised his constitutional rights to plead not guilty and to demand a jury trial should have no bearing on the trial court's sentencing decision." Defendant is correct in asserting that "whether a defendant exercises his constitutional right to trial by jury to determine his guilt or innocence must have no bearing on the sentence." *United States v. Marzette*, 485 F.2d 207 (8th Cir.1973). "A court may not use the sentencing process to punish a defendant, notwithstanding his guilt, for exercising his right to receive a full and fair trial." *United States v. Sales*, 725 F.2d 458, 460 (8th Cir.1984).

■ There is no indication in the instant case, however, that the trial court considered Defendant's assertion of his right to trial as a factor in its sentencing decision, or that the State's comments at the sentencing hearing influenced the trial judge in any way. In fact, the trial judge enunciated several factors that did influence her decision at the sentencing hearing, none of which included Defendant's choice to exercise his right to trial. In addition to finding Defendant to be a persistent offender, the trial judge noted two parole violations following Defendant's forgery conviction in 1988. Additionally, she noted that the incident resulting in the instant DWI conviction occurred only eleven days after Defendant was released from prison. Furthermore, while on bond and awaiting trial on the DWI charge, Defendant was arrested for yet another DWI in July 1994.

The trial judge addressed Defendant as follows at the sentencing hearing:

> You have been given numerous opportunities to prove yourself on probation, and you have never been able to do that. And the fact that when you were released from the pen in May and you turned around within eleven days and got this offense and even that was not enough to wake you up, you turn around and you're arrested again in July, that causes me concern about

whether you've learned anything while in the Department of Corrections.

In his brief, Defendant cites *Thurston v. State*, 791 S.W.2d 893, 896 (Mo.App. E.D. 1990), for the proposition that "[a] practice which discourages the Fifth Amendment right not to plead guilty, which deters the Sixth Amendment right to demand a jury trial and which chills the assertion of these constitutional rights by penalizing those who choose to exercise them is patently unconstitutional."[1] In *Thurston* the appellate court set aside the sentence and remanded the case to the trial court for resentencing. *Id.* at 898. There, the appellate court relied on comments by the trial judge that he consistently gave the maximum sentence to defendants who insisted on a trial and were convicted as prior or persistent offenders. *Id.* at 897. The court noted that the only reasons articulated by the judge for imposing the maximum sentences, and ordering them to run consecutively, was the fact that the defendant refused to plea bargain and insisted on his right to a jury trial. *Id.* at 896.

In *State v. Brewster*, 836 S.W.2d 9, 15 (Mo.App. E.D.1992), the defendant also relied on *Thurston* in contending that the trial court imposed a higher sentence because of his decision to demand a trial. The court distinguished *Thurston*, however, saying that there the trial court "enhanced punishment *solely because* of defendant's refusal to plead guilty...." *Id.* In *Brewster*, the court found no indication that the trial court's sentence punished defendant for going to trial, but rather found that the court considered several factors in reaching its sentencing decision. *Id.*

■ In the instant case, Defendant's contention that his sentence was imposed because of his decision to go to trial is not supported by the record. Instead, the reasons given by the trial judge for imposing the maximum sentence reflect a concern about Defendant's prior history and his apparent lack of rehabilitation. "Although the trial judge is not permitted to sentence a convicted defendant to a greater sentence solely because defendant exercised his constitution-

---

1. In *Thurston*, the issue was considered by the appellate court as a part of its review of the denial of a 29.15 motion.

al rights to require the state to prove him guilty beyond a reasonable doubt in a jury trial, the trial judge may consider the evidence in the defendant's background demonstrated at trial when imposing the sentence." *State v. Martin,* 852 S.W.2d 844, 855 (Mo. App. W.D.1992).

> Performance of this duty by a trial judge involves a solemn exercise of discretion on his part, the outer limits of which are set by applicable statutory perimeters while the inner limits are set only by the sound judgment and good conscience of the judge himself. In short, a trial judge is vested with broad discretion within statutorily prescribed limits when called upon to fix punishment in criminal cases.

*State v. Maynard,* 567 S.W.2d 680, 681 (Mo. App. W.D.1978). Generally, we will not review the trial court's discretion in fixing sentences absent an abuse of discretion shown by motive of partiality, prejudice or oppression, or induced by corruption. *State v. Loewe,* 756 S.W.2d 177, 184 (Mo.App. E.D. 1988).

■ It is presumed that the trial judge's experience and expertise would enable her to disregard improper matters. *See State v. McMillin,* 783 S.W.2d 82, 96 (Mo.banc 1990). "Here, a review of the record reveals that the judge properly weighed the relevant factors of the nature of the crime committed and the background of the defendant and imposed a punishment which fit the crime as well as the criminal." *State v. Jones,* 806 S.W.2d 702, 706 (Mo.App. E.D.1991). In the instant case, Defendant has failed to show that the prosecutor's comments were interpreted by the trial court as a request that he be punished for exercising his right to trial, or that it influenced the trial court in imposing the sentence.

Under these circumstances, we cannot conclude that Defendant is entitled to any relief on the grounds asserted. The judgment is affirmed.

BARNEY, P.J., and PREWITT, J., concur.