Michael COTTON, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 76376.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 22, 2000.

---

**508**

Nancy L. Vincent, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Barbara K. Chesser, Asst. Atty. Gen., Jefferson City, for respondent.

PAUL J. SIMON, Judge.

Michael Cotton, defendant, appeals the motion court's judgment denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing.

The record reveals that following a jury trial, at which he testified on his own behalf, defendant was found guilty of first degree murder and armed criminal action. In accordance with the verdicts, defendant was sentenced to imprisonment for life without parole and life imprisonment, with the sentences to run concurrently. The convictions were affirmed on appeal in *State v. Cotton,* 964 S.W.2d 890 (Mo.App. E.D.1998).

Thereafter, defendant filed a timely motion for postconviction relief pursuant to Rule 29.15, alleging that his counsel was ineffective in failing to investigate and elicit testimony from defendant, his mother Charlene Cotton, Lillie Clark, Antwan

Clark, Antonio Moore and Demico Moore as evidence of specific acts of violence committed by victim prior to the shooting and victim's reputation. The motion court, without an evidentiary hearing, denied the motion. The court made written "conclusions of law and order", finding that defendant was not entitled to an evidentiary hearing on his motion because defendant failed to allege grounds which, if true and not refuted by the record, would entitle him to relief. It found that "some of the above mentioned evidence is cumulative." Further, the motion court found that when asked at the sentencing hearing if his attorney had failed to talk to witnesses defendant wished him to talk to, defendant did not mention any of the persons named in his motion.

On appeal, defendant contends that the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing on his claim that trial counsel was ineffective in failing to investigate and elicit testimony from defendant, Charlene Cotton, Lillie Clark, Antwan Clark, Antonio Moore and Demico Moore as evidence of: (1) specific acts of violence committed by the victim prior to the shooting; and (2) victim's reputation for violence and turbulence and defendant's awareness of the acts and reputation. Defendant contends that had the testimony been elicited, the jury would have concluded that defendant's belief of imminent danger and fear of the victim was reasonable and acquitted defendant. Further, the trial court would not have refused defense counsel's proffered instruction on self-defense and there is a substantial probability that the outcome of the trial would have been different.

■ If the court determines the motion and the files and records of the case conclusively show that the movant is entitled to no relief, no evidentiary hearing is required. Rule 29.15(h). Our review of post conviction motions is limited to determining whether the motion court's findings and conclusions are clearly erroneous.

Rule 29.15(k). To prevail on his claim of ineffective assistance of counsel, defendant has the burden of showing that: (1) his counsel failed to exercise the degree of care, skill and diligence of a reasonably competent attorney under similar circumstances; and (2) that the alleged deficiency in trial counsel's performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Actions by counsel which constitute sound trial strategy are not grounds for ineffective assistance of counsel claims. *Id.* To prevail on a claim of ineffective assistance of counsel due to counsel's failure to call a witness to testify, the defendant must show that the witness would have testified if called and that the witness's testimony would have aided the movant's defense. *State v. Johnson,* 901 S.W.2d 60, 63 (Mo. banc 1995).

■ The state agrees with defendant's contention that the trial court erred in denying an evidentiary hearing on the claims that counsel was ineffective for failing to investigate and call Charlene Cotton, Lillie Clark, Antwan Clark, Antonio Moore and Linda Moore because defendant alleged sufficient facts not conclusively refuted by the record which, if true, would support his claim for relief. The state does not mention, and apparently does not agree with the claim that his counsel was ineffective in failing to elicit testimony from defendant as to his knowledge of victim's reputation and violent acts. It disputes only defendant's contention that counsel was ineffective in failing to call Demico Moore, because such decision constituted sound trial strategy.

We agree as to the consideration of whether counsel was ineffective for failing to call Charlene Cotton, Lillie Clark, Antwan Clark, Antonio Moore and Linda Moore and remand to the trial court for further proceedings.

■ Considering defendant's allegations of counsel's ineffectiveness in his the failure to elicit testimony from defendant at

trial as to his knowledge of the victim's reputation and bad acts, we find that defendant has, in his motion, alleged grounds which, if true and not refuted by the record, would entitle him to relief on his claim that trial counsel was ineffective in failing to elicit from defendant, while he was on the stand, evidence of victim's reputation and specific prior violent acts. Although defendant testified at trial as to one specific act of violence by the victim, that victim had threatened him via his mother, he alleged in his motion that he would have testified to other specific violent acts by victim and of victim's reputation for violence. Defendant also alleged that his testimony would have aided in his defense, as he would have testified that knowledge of those acts and reputation caused him to kill the victim in self-defense, increasing his chances of acquittal or mandating the judge to give a self defense instruction to the jury. Thus, we remand to the trial court for an evidentiary hearing as to whether counsel was ineffective in failing to elicit evidence.

Next, considering defendant's claim as to Demico Moore, the record indicates that he was a witness endorsed by the state and potentially favorable to the state to the detriment of the defense. Defense counsel stated at the sentencing hearing that his failure to call Demico Moore as a witness was based on the fact that he was endorsed by the state. This decision was a reasonable exercise of trial strategy. The issues of investigating and calling witnesses that might possibly support a defense theory properly fall within trial strategy and cannot be said to have been objectively unreasonable. *State v. Clay*, 975 S.W.2d 121, 144 (Mo. banc 1998). Additionally, there is evidence that defendant agreed to counsel's decision not to call Demico Moore, as he admitted at the sentencing hearing that the decision not to call him was a strategic one discussed by defendant, his counsel and Demico Moore. Therefore, defense counsel was not ineffective in his decision not to call Demico Moore.

JUDGMENT AFFIRMED IN PART AND REMANDED IN PART.

GARY M. GAERTNER, P.J. and JAMES R. DOWD, J., concur.