Brandon VICKERS, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 23035.

Missouri Court of Appeals,
Southern District,
Division Two.

May 25, 2000.

Kent Denzel, Asst. State Public Defender, Columbia, for appellant.

Jeremiah W. Nixon, Atty. Gen., Susan K. Glass, Asst. Atty. Gen., Jefferson City, for respondent.

JAMES K. PREWITT, Judge.

Movant–Appellant appeals from the denial of his Rule 24.035 motion, in which he sought vacation of his conviction of stealing, including the sentence received therefor.

On March 4, 1996, Appellant received a 20–year sentence, pursuant to his plea of guilty to a class C felony of stealing and upon certification by the trial court of Appellant's status as a prior and persistent offender (§§ 558.016 and 557.036.4, RSMo 1994).[1]

The trial court had earlier made a finding that he was a prior and persistent offender, in that he had been adjudged guilty of forgery on July 23, 1994, and of property damage on November 28, 1994. On appeal from the denial of his initial Rule 24.035 motion, Appellant challenged his sentencing as a prior and persistent offender, contending that the prior convictions on which the trial court based its finding included a · non-existent forgery conviction (which should have been a felony stealing conviction). This District agreed that Appellant had been erroneously sentenced and ruled that the motion court erred in denying Appellant's Rule 24.035 motion. Appellant's sentence was vacated and the cause remanded for resentencing with directions that the State be allowed to amend the information and submit evidence to support Appellant's repeat offender status. *See Vickers v. State,* 956

---

1. In the course of the trial on this matter and after the State had presented evidence, Appellant withdrew his plea of not guilty and entered a plea of guilty.

S.W.2d 405 (Mo.App.1997), *cert. denied,* 525 U.S. 1125, 119 S.Ct. 909, 142 L.Ed.2d 907 (1999).

On remand, the amended information alleged previous convictions of property damage and stealing, and the State presented certified copies (amended and filed August 21, 1996) of the judgments as proof of Appellant's prior convictions. On January 28, 1998, Appellant received an enhanced sentence of twenty years' imprisonment on the felony charge of stealing.[2]

Appellant filed a *pro se* motion pursuant to Rule 24.035, which was subsequently amended by appointed counsel, who also requested a change of judge. In his motion, Appellant contended that his twenty-year sentence was disproportionate to the crime and that the maximum sentence was imposed in retaliation for him asserting his right to a jury trial. On September 25, 1998, the trial court overruled Appellant's motion for change of judge. An evidentiary hearing was held on February 8, 1999, before the Honorable George C. Baldridge, the judge who presided over Appellant's plea hearing, sentencing and prior post-conviction hearing. Appellant was not present but was allowed to present testimony via deposition taken November 17, 1998. In an attempt to elicit an explanation for the maximum sentencing, counsel endorsed Judge Baldridge as a witness for Appellant. The judge, at the request of Appellant's counsel, testified.

On May 4, 1999, the court issued its findings, conclusions and judgment, denying all relief requested by Appellant. This appeal followed. Appellant presents three points relied on.

For his first point, Appellant asserts that the trial court erred in denying his motion "because the sentencing court punished him in retaliation for exercising his right to a jury trial." In the findings of

fact and conclusions of law, the court found:

Movant claims that evidence of bias exists. He points to the fact that his codefendant received a five-year sentence, while he received a twenty-year sentence. This fact is irrelevant. Movant received a twenty-year sentence because he rejected the State's initial plea offers and chose to proceed to trial. The sentence imposed is thus no fault of the Court.

 The trial court cannot use the sentencing process to punish a defendant for exercising his right to proceed to trial. *State v. Lindsey,* 996 S.W.2d 577, 580 (Mo. App.1999). Any enhancement of a defendant's sentence based on this fact would improperly punish a defendant for exercising his or her right to a full and fair trial to a jury. *State v. Wright,* 998 S.W.2d 78, 84 (Mo.App.1999). Whether a defendant exercises his or her constitutional right to trial by jury to determine one's guilt or innocence must have no bearing on the sentence, and the court may not use the sentencing process to punish a defendant, guilt notwithstanding, for exercising his or her right to receive full and fair trial. *State v. Vaughn,* 940 S.W.2d 26, 29 (Mo. App.1997).

Appellant relies on *Thurston v. State,* 791 S.W.2d 893 (Mo.App.1990), where the Eastern District found that the sentencing judge admitted to a consistent practice over twelve years of imposing the maximum possible sentence for all prior offenders who refused to plead guilty and insisted on going to trial, and that "movant's fate, if found guilty by the jury, was fixed at the maximum allowable punishment from the very moment movant refused to plead guilty." *Id.* at 897.

*Thurston* explains that no consideration of other factors, such as the nature of the crime, defendant's background, nor any

---

**2.** Appellant had been charged with stealing in connection with the theft of an automobile. His partner in the crime, who had been driving the vehicle when the two were appre-

hended, entered a guilty plea and received a five-year sentence and was subsequently granted probation under Section 559.115, RSMo.

further case-by-case or defendant-by-defendant evaluation was involved in the sentencing judge's imposition of the maximum allowable sentence, and that such automatic sentencing of "the maximum allowable sentence without any consideration of the varying circumstances of the crimes committed or the background and character of the different defendants [*Id.* at 897–98]" does not fulfill the affirmative duty imposed upon a trial judge under Section 557.036.1, RSMo.

 "A practice which discourages the Fifth Amendment right not to plead guilty, which deters the Sixth Amendment right to demand a jury trial and which chills the assertion of these constitutional rights by penalizing those who choose to exercise them is patently unconstitutional." *Id.* at 896, citing *United States v. Jackson*, 390 U.S. 570, 581, 88 S.Ct. 1209, 1216, 20 L.Ed.2d 138, 147 (1968). "Enhancement of punishment based solely upon a defendant's refusal to plead guilty and to exercise his right to have his guilt proven beyond a reasonable doubt has been universally condemned." *Thurston*, at 896.

In *State v. Wright, supra*, on which Appellant also relies, the Western District ruled that the trial court's imposition of consecutive sentences violated defendant's constitutional right to proceed to trial, in that the trial court "specifically stated on the record that [its] decision to order consecutive sentences was influenced by Defendant's decision to go to trial and so to 'require' the victims to testify." *Id.* at 84. Acknowledging a departure from its decision in *State v. Lindsey, supra*, the Western District distinguished its ruling in *Wright*, citing to the comments made by the court at sentencing which indicated that a longer sentence was imposed based, in part, on the defendant's decision to go to trial.

Respondent cites *State v. Vaughn, supra*, wherein a maximum allowable sentence of ten years for a DWI conviction as a repeat offender was the issue of the appeal, as appellant contended the trial court may have been influenced by the State's request to punish appellant "for exercising his constitutional right to a jury trial." *Vaughn*, 940 S.W.2d at 28. There, the Southern District found there was no indication that appellant's decision to go to trial was a factor in the trial court's imposition of the sentence ("In fact, the trial judge enunciated several factors that did influence her decision at the sentencing hearing, none of which included Defendant's choice to exercise his right to trial." *Id.* at 29.) This District concluded that the appellant's contention was not supported by the record.

*State v. Lindsey, supra*, also cited by Respondent, is distinguished from the present appeal in that statements made by the trial court there "reflect consideration of both [Appellant's] crime and [Appellant] himself." *Id.* at 580. Justification for its decision included the following: that the trial court made no mention of appellant's refusal to plea bargain or appellant's insistence to proceed to trial; and, there was no evidence of a pattern on the trial court's behalf of imposing maximum sentences to those who elect to go to trial.

In *State v. Brewster*, 836 S.W.2d 9 (Mo. App.1992), also cited by Respondent, the appellant requested remand for re-sentencing, contending he was penalized for demanding a trial by jury and that the court's consecutive sentences enhanced the "general deterrent affect." The conviction was affirmed, with the Eastern District finding that the trial court considered several factors in deciding on consecutive sentences, including appellant's lack of remorse, pre-sentencing reports, and there was "no indication the court's sentence punished movant solely for going to trial." *Id.* at 15.

We conclude that the reasoning set forth in *Thurston* and *Wright* apply here. *Vaughn, Lindsey*, and *Brewster* indicate that the sentences at issue there were based upon proper factors and not as pun-

ishment for the defendant's exercise of his right to a jury trial.

Here, the trial judge expressly found that Appellant "received a twenty-year sentence because he rejected the State's initial plea offer and chose to proceed to trial." We agree with the Respondent that this could conceivably be construed to mean that it was Appellant's rejection of the plea agreement which caused him to receive a more severe sentence, but the court also stated that Appellant received the sentence because he chose to proceed to trial. This latter finding, and the lack of any other basis in the record@ explaining why his sentence was much more severe than that of his co-defendant, leads us to conclude that Appellant must be re-sentenced. Point I has merit.

For his second point, Appellant contends that the judge who presided over the hearing on his motion should have recused because he was going to be called as a witness.

We agree that forcing recusal of a judge simply by endorsing him as a witness will frustrate an important purpose of Rule 24.035, such as avoiding delay in the processing of the claims and preventing litigation of stale claims. See *State v. Wise*, 879 S.W.2d 494, 523 (Mo.banc 1994). Absent a compelling reason to call the judge as a witness at a post-conviction hearing, the judge is not disqualified from ruling on the motion. *Wright–El v. State*, 890 S.W.2d 664, 672 (Mo.App.1994).

A judge who is a material witness to relevant facts, however, is compelled to recuse himself for fundamental fairness as guaranteed by state and federal due process clauses. *Garrison v. State*, 992 S.W.2d 898, 902 (Mo.App.1999), citing *Haynes v. State*, 937 S.W.2d 199, 202, 203–04 (Mo.banc 1996). Here, as there was an adequate and reasonable basis for calling the judge to testify, we conclude that he should have recused, and he should not participate any further in this matter, except perhaps as a witness, although we do not at present perceive why that would be necessary.[3]

Appellant's third point is an "alternative" point to Point II. In view of our ruling on the first two points, it is not necessary to reach the third point.

The portion of the judgment upholding the conviction of the Appellant is affirmed. The portion of the judgment denying the motion to vacate and set aside the sentence imposed is reversed, and the cause is remanded solely for the purpose of re-sentencing after consideration of the nature and circumstances of the offense and the history and character of the Appellant, as required by Section 557.036, RSMo. Supp.1996.

MONTGOMERY, P.J., and BARNEY, J., concur.

---

**3.** By so finding, we emphasize that we understand why, in accordance with the case law and rules holding that in the interest of judicial economy judges should not recuse except when necessary, the judge, in whose character and determinations we have the utmost respect, did not recuse here.