Carl P. GLAVIANO, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 69753.

Missouri Court of Appeals,
Western District.

Sept. 15, 2009.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 27, 2009.

Application for Transfer Denied
Dec. 22, 2009.

Frederick J. Ernst, Esq., Kansas City, MO, for appellant.

Shaun J. Mackelprang, Esq., and Daniel N. McPherson, Esq., Jefferson City, MO, for respondent.

BEFORE DIVISION ONE: ALOK AHUJA, Presiding Judge, JAMES M. SMART and LISA WHITE HARDWICK, Judges.

LISA WHITE HARDWICK, Judge.

Carl Glaviano appeals the judgment denying his Rule 29.15 motion, following an evidentiary hearing. Glaviano contends the motion court erred in: (1) ruling that his punitive sentencing claim was not cognizable in this post-conviction proceeding; (2) precluding him from deposing the sentencing judge; and (3) determining that defense counsel was not ineffective in failing to present character witnesses at his sentencing hearing. For reasons explained herein, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Glaviano was convicted by jury trial of first-degree robbery and armed criminal action for robbing a Higginsville sandwich store at knifepoint. Judge Dennis Rolf, of the Lafayette County Circuit Court, sentenced Glaviano to consecutive terms of life and fifty years imprisonment. We affirmed the convictions on direct appeal. *State v. Glaviano*, 191 S.W.3d 70 (Mo.App. 2006).

Glaviano filed a timely *pro se* Rule 29.15 motion, which was amended by appointed counsel. The amended motion raised four ineffective assistance of counsel claims and one claim alleging that Glaviano's constitutional rights were violated by punitive sentencing.

The case was assigned to Judge Rolf. When Glaviano gave notice that he intended to call Judge Rolf as a witness on the punitive sentencing claim, Judge Rolf recused himself and the post-conviction case was re-assigned to Judge Larry Harman. The State filed a motion for protective order to preclude the deposition and testimony of Judge Rolf. Judge Harman granted the protective order.

Following an evidentiary hearing on the Rule 29.15 motion, the court entered a judgment denying post-conviction relief on all five claims. Glaviano appeals.

## STANDARD OF REVIEW

We review the denial of a post-conviction relief motion for clear error. *Edwards v. State*, 200 S.W.3d 500, 509 (Mo. banc 2006). "The motion court's findings of fact and conclusions of law are presumed to be correct." *Id.* "Findings and conclusions are clearly erroneous only if a full review of the record definitely and firmly reveals that a mistake was made." *Morrow v. State*, 21 S.W.3d 819, 822 (Mo. banc 2000).

## ANALYSIS

### 1. Punitive Sentencing

Glaviano contends the motion court erred in denying the post-conviction claim that his constitutional rights were violated by punitive sentencing. In his Rule 29.15 motion, Glaviano alleged the trial court sentenced him to the maximum, consecutive prison terms because he refused to plead guilty and exercised his right to a jury trial. The motion court denied the punitive sentencing claim on the basis that it could have been raised on direct appeal and, therefore, was not cognizable for post-conviction relief. The court observed that Glaviano failed to offer any "compelling reason why this issue in this case could not have been handled in the direct appeal."

As a general rule, a post-conviction motion for relief cannot be used as a substitute for a direct or second appeal. *Zink v. State*, 278 S.W.3d 170, 191 (Mo. banc 2009). "Issues that could have been raised on direct appeal—even if constitutional claims—may not be raised in post-conviction motions, except where fundamental fairness requires otherwise and only in rare and exceptional circumstances." *State v. Tolliver*, 839 S.W.2d 296, 298 (Mo. banc 1992).

Glaviano asserts that his punitive sentencing claim must be brought in this post-conviction proceeding because Rule 29.15(a) states that it is the "exclusive procedure" for seeking relief on a conviction or sentence that violates constitutional rights. We note, however, that while Glaviano characterizes his claim as a constitutional violation, the essence of his argument is that the trial court abused its discretion in ordering the maximum sentences and ordering them to run consecutively instead of concurrently. Those claims can be properly brought on direct appeal. *State v. Lynch*, 131 S.W.3d 422, 427–28 (Mo.App.2004); *State v. Martin*, 852 S.W.2d 844, 853–56 (Mo.App.1992). Further, it is apparent that Glaviano's interpretation of Rule 29.15's "exclusive" language would eviscerate any distinction between direct appeal and post-conviction proceedings, since almost every allegation of trial court error could be framed as a

violation of constitutional principles.[1]

Glaviano cites to three cases in which sentencing claims have been addressed in post-conviction appeals. *Vickers v. State*, 17 S.W.3d 632, 634 (Mo.App.2000); *State v. Vaughn*, 940 S.W.2d 26, 28 (Mo.App.1997); *Thurston v. State*, 791 S.W.2d 893, 895 (Mo.App.1990). As discussed herein, we do not find these cases instructive in addressing the claim presented here.

In *Vickers*, the defendant appealed from the denial of his Rule 24.035 motion. 17 S.W.3d at 633. Earlier during trial, the defendant had withdrawn his plea of not guilty and decided to plead guilty. *Id.* at 633 n. 1. Because no direct appeal lies from a guilty plea, the defendant's claim that the sentencing court punished him for going to trial had to be brought in a post-conviction proceeding. *Vickers* is procedurally different from Glaviano's case and does not support his argument.

Glaviano also relies on *Vaughn*, which held that a punitive sentencing claim is cognizable in a Rule 29.15 proceeding. 940 S.W.2d at 28. That conclusion, however, appears to arise from a misapplication of prior precedent. In *Vaughn*, the Southern District relied on *State v. Chambers*, 898 S.W.2d 119, 124 (Mo.App.1995), where the defendant raised a claim that the sentence imposed on him was in excess of the maximum prescribed by law. Rule 29.15 specifically states that it is the exclusive procedure for raising a claim that the sentence imposed was in excess of the maximum sentence allowed by law. Rule 29.15(a). The claim in *Chambers* was entirely different from that in *Vaughn*, where the defendant argued that his sen-

tence was excessive, despite being within the statutory range. *Vaughn*, 940 S.W.2d at 28. In treating the two distinct claims as comparable, the *Vaughn* case overlooked precedent holding that a defendant is not entitled to post-conviction relief on a claim that a sentence within statutory limits was excessive. *Cain v. State*, 859 S.W.2d 715, 718 (Mo.App.1993); *Hayes v. State*, 774 S.W.2d 886, 888 (Mo.App.1989). We decline to follow *Vaughn* in light of this precedent and the misapplication of *Chambers*.

In *Thurston*, also relied on by Glaviano, the court considered a punitive sentencing claim raised in a Rule 29.15 without addressing whether the claim was cognizable under the rule. 791 S.W.2d at 895–98. Likewise, our courts have routinely handled claims of punitive sentencing on direct appeal without any discussion of whether those claims are properly addressed on direct appeal or in post-conviction proceedings. *See State v. Palmer*, 193 S.W.3d 854, 856–58 (Mo.App.2006); *State v. Wright*, 998 S.W.2d 78, 82–84 (Mo.App. 1999); *State v. Jones*, 806 S.W.2d 702, 705–06 (Mo.App.1991). Collectively, these cases provide little guidance because they are devoid of any explanation for the variant treatment of sentencing issues.

Because claims of punitive sentencing have been considered on both direct appeal and in post-conviction actions, the best method to determine the proper avenue for such claims is by application of the general principle that, absent rare and exceptional circumstances, Rule 29.15 cannot be used to raise issues that could have been raised on direct appeal. *Zink*, 278

---

1. For example, a double jeopardy claim commonly asserts that a conviction violates the Missouri and U.S. constitutions. It is well-established, however, that a double jeopardy claim that could have been raised on direct appeal is not cognizable in a Rule 29.15 ac-

tion. *Tolliver*, 839 S.W.2d at 298. Similarly, challenges to the constitutionality of the death penalty are properly raised on direct appeal and are not the proper subject of a post-conviction motion. *State v. Jones*, 979 S.W.2d 171, 181 (Mo. banc 1998).

S.W.3d at 191. We find no error in the motion court's ruling that no exceptional circumstances existed here.

Glaviano does not dispute that he was aware of all the facts necessary to raise his punitive sentencing claim on direct appeal. His claim is based on comments made by the trial court during a hearing that occurred several months prior to sentencing.[2] Those comments were the basis of a similar claim in Glaviano's motion for new trial that was addressed at the sentencing hearing.

Glaviano cites *McQuary v. State*, 241 S.W.3d 446, 453–54 (Mo.App.2007), and *Buck v. State*, 70 S.W.3d 440, 445–46 (Mo. App.2000), for the proposition that "fundamental fairness requires that the defendant be allowed to pursue [a claim] in a post-conviction action" where "the claim requires evidence outside of the trial record." But as explained herein, Glaviano's current claim is based on information that was contained in the trial record and available on direct appeal. This situation is distinguished from *McQuary* and *Buck*, where the facts establishing the grounds for the post-conviction motions were not discovered until after the trial court had lost jurisdiction. *McQuary*, 241 S.W.3d at 453; *Buck*, 70 S.W.3d at 445. In Glaviano's case, no additional testimony or evidence was *required* to present his claim on direct appeal.[3]

As the motion court observed, Glaviano failed to offer any compelling circumstance that would permit him to bypass the direct appeal and bring his claim in this post-conviction proceeding. Accordingly, the motion court did not err in concluding that he failed to state a cognizable claim under Rule 29.15. Point I is denied.

---

2. Glaviano's punitive sentencing claim is based on the following pretrial colloquy:

COURT: You don't want an opportunity for a plea bargain, sir?
PROSECUTOR: It's going to be an open plea anyway, your Honor.
COURT: Why?
PROSECUTOR: Given his record there is nothing we can offer him.
COURT: Why would there not be an offer that you can make?
PROSECUTOR: We made an offer. It's just not something he is going to be willing to take.
COURT: Have you conveyed the offer to your client?
DEFENSE COUNSEL: I have, your Honor. The offer is maximum number concurrent.
COURT: Concurrent is better than consecutive.
DEFENSE COUNSEL: That is true. But for right now, your Honor—
COURT: Sir, you understand if I set this for trial there is not going to be any ore plea bargains that I'm going to be bound by?
DEFENDANT: No, sir. I don't understand that.
DEFENSE COUNSEL: Your Honor, there is not going to be any plea bargain anyway other than this. So it would be an open plea if there is a plea.
COURT: Well, he could take this if he wanted.
DEFENSE COUNSEL: Yeah.
COURT: You want some time to talk to your attorney?
DEFENDANT: No, sir, I can't. I can't accept a life sentence as a plea bargain. I can't do that.
COURT: Okay.
DEFENDANT: No disrespect, but no.
COURT: He is in the Department of Corrections now?
DEFENSE COUNSEL: Yes.
COURT: You understand that this could be better than he is getting?
DEFENSE COUNSEL: Your Honor, he knows that it is open all the way now. We need to set it for trial.

3. Although Glaviano's trial counsel testified at the post-conviction relief hearing that it was his "understanding" that Judge Rolf's practice, in "almost all cases," was to run sentences consecutively where a defendant was convicted of multiple offenses at trial, that generalized testimony is not sufficient to show punitive sentencing in this case.

## 2. Deposition of Sentencing Judge

In his second point on appeal, Glaviano contends the motion court abused its discretion in denying his request to depose Judge Rolf regarding the punitive sentencing claim. Given our conclusion that the punitive sentencing claim is not cognizable in this post-conviction proceeding, the motion court did not err in refusing to allow testimony on that subject. Even if the sentencing claim had been cognizable, the motion court would not have erred in denying the deposition request because the record contained sufficient evidence of the judge's comments. The testimony of a trial or sentencing judge is unnecessary when the allegations of impropriety relate to events that are fully reflected in the record. *Wright–El v. State*, 890 S.W.2d 664, 672 (Mo.App.1994); *Logan v. State*, 712 S.W.2d 9, 11 (Mo.App. 1986); *Schrader v. State*, 561 S.W.2d 734, 735 (Mo.App.1978). Point II is denied.

## 3. Ineffective Assistance of Counsel

In his final point on appeal, Glaviano contends that the motion court erred in denying post-conviction relief on one of his ineffective assistance of counsel claims. Glaviano asserts the evidence was sufficient to prove his trial counsel was ineffective in failing to present character witnesses on his behalf at the sentencing hearing.

"To be entitled to post-conviction relief for ineffective assistance of counsel, the movant must satisfy a two-prong test." *Zink v. State*, 278 S.W.3d at 175. The movant must show that his counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would exercise in a similar situation and that trial counsel's failure prejudiced the defendant. *Id.* Both the performance and prejudice elements must be shown by a preponderance of the evidence. *Id.*

There exists a strong presumption that counsel's conduct was reasonable and effective. *Id.* at 176. To overcome this presumption, the movant must point to "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Id.* (*quoting Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006)). Counsel's choice of one reasonable trial strategy over another is not ineffective assistance. *Id.*

The movant must also demonstrate that, absent the claimed errors, there is a reasonable probability that the outcome would have been different. *Id.* "To prevail on a claim of ineffective assistance of counsel due to counsel's failure to call a witness to testify, the defendant must show that the witness would have testified if called and that the witness's testimony would have aided the movant's defense." *Cotton v. State*, 25 S.W.3d 507, 509 (Mo.App.2000).

At the Rule 29.15 evidentiary hearing, Glaviano presented the testimony of his mother, sister, brother, and trial counsel, all of whom he claims would have testified if called at the sentencing hearing. The family members testified that Glaviano began using drugs at a young age, after his father had been abusive and abandoned the home. Glaviano's mother, Barbara Alcanter, acknowledged that he had numerous criminal convictions. He had a drug related conviction in 1980 and was given a fifteen year sentence upon the revocation of his probation. She recalled that his probation was also revoked after a stealing conviction in 1984 and a second-degree robbery conviction in 1993. She testified that Glaviano was convicted of four armed robberies in 2004, one of which was the source of the original conviction in this case. Alcanter said her son had been

using drugs for more than twenty-four years and would not have committed any of these crimes if he had not been using drugs. She said he had a kind heart, got along well with other people, and had never been known to be extremely violent.

Mark Glaviano testified that his brother was good with his hands and that he began having trouble keeping a job when his drug use became heavy. Mark described a time in 2003 or 2004 when Glaviano had been using methamphetamines, living out of his truck, and experiencing rapid health deterioration. Mark notified authorities because he was afraid that his brother would hurt himself or someone else.

Nina Glaviano testified that her brother had always been loving, affectionate, and kind. She felt his many talents were overshadowed by his drug use. She said she would be willing to let her brother live with her and help him out if he were released on parole. Nina believed that many of her brother's criminal convictions sprung from his drug use.

Wayne Fraser, Glaviano's trial counsel, also testified at the Rule 29.15 hearing. He had been a criminal defense attorney for thirty-two years and had appeared before Judge Rolf for five years. Fraser said an investigator from his office had contacted Glaviano's family members prior to sentencing. Prior to Glaviano's sentencing hearing, Fraser reviewed reports from the investigator and noted that the family members provided both positive and negative information. Based on his experience with Judge Rolf, Fraser believed that Glaviano would not have benefited from the testimony of the family members in the sentencing process. Their testimony would have largely confirmed the evidence presented at trial and in the sentencing report regarding Glaviano's drug use, failed rehabilitation efforts, and lengthy criminal record with convictions of increasing severity.

The record reflects that trial counsel made a reasonable, strategic decision not to call character witnesses at sentencing because any mitigating testimony would have been outweighed by the re-emphasis of aggravating facts. Although testimony regarding childhood abuse and non-violent tendencies might offer hope for rehabilitation of a first-time offender, such information is of little avail for a defendant with a long criminal history and consistent lack of success on probation. Glaviano failed to prove that his counsel was ineffective or that he was prejudiced by the decision not to present additional character evidence beyond that included in the sentencing report.

Accordingly, the motion court did not err in denying the post-conviction claim. Point III is denied.

### CONCLUSION

We affirm the judgment denying the Rule 29.15 motion.

ALL CONCUR.