

# Missouri Court of Appeals

### Southern District

### Division Two

NATHAN HILLIARD, )
)
     Movant-Appellant, )
)
     v. ) No. SD36881
)
STATE OF MISSOURI, ) **Filed: August 30, 2021**
)
     Respondent-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF DENT COUNTY

Honorable Megan K. Seay, Circuit Judge

### <u>AFFIRMED</u>

Nathan Hilliard ("Movant") brings this Rule 29.15 post-conviction claim of

ineffective assistance of counsel after convictions for statutory rape in the first degree and

statutory sodomy in the first degree.[1]

In a single point, Movant claims the trial court punished him for exercising his

right to a trial after he was sentenced to a longer term after his trial than he received when

---

[1] We have independently verified the timeliness of Movant's motions for post-conviction relief. *See **Moore v. State**, 458 S.W.3d 822, 825-26 (Mo. banc 2015); **Dorris v. State**, 360 S.W.3d 260, 268 (Mo. banc 2012).

he pled guilty prior to his trial.[2]  Trial court error is generally not cognizable in a Rule 29.15 motion unless fundamental fairness requires it to be raised, which only occurs in exceptional circumstances.  ***Woodworth v. State***, 408 S.W.3d 143, 148 (Mo.App. W.D. 2010); ***Glaviano v. State***, 298 S.W.3d 112, 114-15 (Mo.App. W.D. 2009).  Except in rare and exceptional circumstances, a movant cannot use a Rule 29.15 motion to raise claims that could have been, but were not, raised on direct appeal.  ***Zink v. State***, 278 S.W.3d 170, 191 (Mo. banc 2009).  "Circumstances known by a movant during trial are not rare and exceptional."  ***Melillo v. State***, 380 S.W.3d 617, 621 (Mo.App. S.D. 2012) (internal quotations omitted).

Here, Movant knew his sentence prior to his direct appeal.  His complaint in this forum that his sentence was in retaliation for exercising his right to trial is not a rare and exceptional circumstance that vitiates the general rule that trial court error is not cognizable in a Rule 29.15 motion.  Movant's point is denied; the judgment is affirmed.


Nancy Steffen Rahmeyer, J. – Opinion Author

Gary W. Lynch, C.J. – Concurs

Mary W. Sheffield, P.J. – Concurs

---

[2] Pursuant to a plea agreement, Movant pled guilty to the count of statutory rape in the first degree (the statutory sodomy count was dismissed) and was sentenced to twenty-five years.  After his post-conviction motion under Rule 24.035 was granted and his conviction and sentence were vacated, Movant was found guilty by a jury on both counts and received a thirty-year sentence on both counts to run concurrently.